## Leffel BROWN *v.* STATE of Arkansas

CR 90-250                                       805 S.W.2d 73

Supreme Court of Arkansas
Opinion delivered March 18, 1991

*James R. Marschewski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of attempted capital murder and aggravated assault steming from a shootout with Fort Smith police officers. He argues two points for reversal, but neither has merit. Therefore, we affirm.

Upon reporting for duty on December 23, 1988, Officer Ron Lockhart was briefed on an armed robbery that had occurred earlier that night. Lockhart was given a detailed description of the suspect and his pickup truck, and the report provided the vehicle bore Oklahoma tags containing the prefix, L-E-F. Later the same night, Officers Lockhart and Rowlett were on patrol when they received a radio dispatch concerning another robbery. The perpetrator of the second robbery bore the same or similar description of the suspect described in the earlier briefing. The officers drove to a place near Interstate 540 where they thought the suspect might proceed on his way to Oklahoma. The officers' hunch was validated when they subsequently located and stopped the appellant in his pickup truck. According to the officers, the appellant did not respond to requests that he put his hands where the officers could see them, but instead began firing at the officers with a handgun. Appellant subsequently sped off in his vehicle, but was later apprehended when he wrecked his truck and fled on foot.

At trial, appellant moved to exclude any reference by the state to the armed robberies for which appellant had been stopped. He argues the robberies were not relevant to the prosecution for attempted capital murder, and therefore, would be highly prejudicial.

In a prior appeal by this same appellant, we upheld the trial court's ruling which allowed the state to join the two aggravated robbery charges against him because both robberies were of the same character, or were of a single scheme or plan. *See Brown* v. *State*, 304 Ark. 98, 800 S.W.2d 424 (1990). Additionally, we stated that some of the state's proof was pertinent to both robberies, and in order for the officers to explain why appellant was stopped, it was necessary to prove the earlier robbery. *Brown,* 304 Ark. at 100-101, 800 S.W.2d at 426.

Our court has repeatedly held that all the circumstances surrounding a particular crime may be shown, even if those circumstances would constitute a separate criminal act or acts, when the criminal acts are intermingled and contemporaneous with one another. *Wilson* v. *State*, 298 Ark. 608, 770 S.W.2d 123 (1989); *Henderson* v. *State*, 284 Ark. 493, 684 S.W.2d 231 (1985). In this instance, what led to the shooting between the

appellant and the officers could not be explained without showing evidence surrounding the reported robberies. Otherwise, the jurors would be left to speculate as to why the appellant had been stopped by the officers and why the officers drew their weapons as they departed their vehicle. These facts were necessary for the jury to get a comprehensive picture of the events that surrounded and led to the attempted capital murder offense with which the appellant was charged. *See Harris* v. *State*, 239 Ark. 771, 394 S.W.2d 135 (1965).

■ In his second point for reversal, appellant claims the trial court erred when it sustained the state's objection, thereby refusing to admit certain metal plates bearing bullet holes from a .45 caliber pistol and a 357 magnum pistol. The basis of appellant's argument is that Officer Lockhart's initial report reflected the appellant, using a .45 caliber weapon, first shot at Lockhart and hit the spotlight on Lockhart's vehicle. Appellant argues that the testimony of his ballistics expert, Berwin Monroe, would show that a bullet from one of the officers' .38 caliber weapons had actually struck the spotlight of the officers' vehicle and therefore would support, at least inferentially, appellant's claim that he had never fired his .45 at the officers. Appellant's argument fails for two reasons. First, Lockhart, at trial, acknowledged that he probably shot and hit his car's spotlight during the exchange of gun fire with appellant. Second, appellant's own expert stated that the metal plates proffered by appellant would be of no help in determining the caliber of bullet that actually produced the hole in the spotlight of the officers' vehicle. Considering these circumstances, we cannot say the trial court abused its discretion in excluding the metal plates proffered by the appellant. *White* v. *State*, 303 Ark. 30, 792 S.W.2d 867 (1990).

■ While appellant urges no further reasons for reversal, the state, on its own volition, argues the record fails to reveal that the trial court sentenced the appellant in compliance with the terms of A.R.Cr.P. Rule 36.4. The state concedes the appellant interposed no objection and did not otherwise preserve this issue on appeal. Accordingly, we need not discuss the point further.[1]

---

[1] We note that, effective January 1, 1991, the court reinstated Rule 37, in revised

*Phillips v. State*, 304 Ark. 656, 801 S.W.2d 647 (1991).

We affirm.

---

form. That revised rule provides, in pertinent part, that if an appeal was taken of the judgment of conviction, a petition, claiming post-conviction relief, must be filed in circuit court within 60 days of the date the mandate was issued by the appellate court. Rule 37.2(c).