Nathan T. MATTHEWS *v.* STATE of Arkansas

CR 90-211                                807 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered April 15, 1991

*Richard Quiggle, P.A.*, by: *James Long*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

JACK HOLT, JR., Chief Justice. On June 6, 1988, the appellant, Nathan Matthews, was charged in a felony informa-

tion with rape. On April 21, 1989, Matthews' counsel at trial filed a joint motion to approve a stipulation; the stipulation was signed by the Prosecuting Attorney for the 20th Judicial District, Matthews, and Matthews' counsel. It provided that the case would be tried to a jury solely on the issue of whether Matthews should be incarcerated or placed on supervised probation.

The trial court approved the stipulation on November 7, 1989, and Matthews subsequently entered a guilty plea. The case was then tried on the stipulated issue, the jury returned a verdict for incarceration, and the trial court sentenced Matthews to 35 years in the Arkansas Department of Correction.

Matthews alleges three points of error on appeal: 1) the trial court erred in accepting a guilty plea that was not entered knowingly, 2) the trial court erred by bringing the case before a jury solely on the issue of incarceration or supervised probation, and 3) ineffective assistance of counsel.

Matthews initially contends that his guilty plea was involuntary in that he did not enter the plea knowingly and intelligently, as evidenced by the joint stipulation that the case would be tried to a jury solely on the issue of whether he should be incarcerated or placed on supervised probation.

Rape is a Class Y felony, Ark. Code Ann. § 15-14-103 (1987), and the sentence for a Class Y felony ". . . shall be not less than ten (10) years and not more than forty (40) years, or life." Ark. Code Ann. § 5-4-401 (1987). Additionally, a defendant convicted of a Class Y felony is not eligible to be placed on probation nor to receive suspended imposition of sentence. Ark. Code Ann. § 5-4-104(e)(1) (1987).

We have recognized many times that there is no right to appeal from a guilty plea. *State* v. *Sherman*, 303 Ark. 284, 796 Ark. 339 (1990) (citing *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1990) and A.R.Cr.P. Rule 36.1). The exception to this rule, not applicable in this case, is contained in A.R.Cr.P. Rule 24.3(b). Matthews entered a guilty plea to the offense of rape with which he was charged; consequently, he may not now directly appeal the validity of his guilty plea insofar as he wishes to appeal some aspect of the procedure followed at his guilty plea hearing that was an integral part of his plea. *See State* v.

*Sherman, supra; Henagan* v. *State,* 302 Ark. 599, 791 S.W.2d 371 (1990). The voluntariness of a defendant's guilty plea is a matter integral to the validity of a guilty plea. *See generally Boykin* v. *Alabama,* 395 U.S. 238 (1969).

■ Matthews next asserts that the trial court erred by bringing the case before a jury solely on the issue of incarceration or supervised probation. Not only has Matthews not preserved this issue for appeal, *Smith* v. *State,* 302 Ark. 459, 790 S.W.2d 435 (1990), he agreed to the bifurcation of his guilty plea hearing, and we have held that one cannot agree with a ruling by the trial court and then attack that ruling on appeal. *White* v. *State,* 301 Ark. 74, 781 S.W.2d 478 (1989) (citing *Gilbert* v. *State,* 277 Ark. 61, 639 S.W.2d 346 (1982)).

■ Finally, Matthews argues ineffective assistance of counsel as his third point of error. Arkansas R.Cr.P. Rule 36.4 applies to this case and provides in pertinent part as follows:

> . . . The trial judge must address the defendant personally and advise the defendant that if the defendant wishes to assert that his or her counsel was ineffective a motion for a new trial stating ineffectiveness of counsel as a ground must be filed within thirty (30) days from the date of pronouncement of sentence and entry of judgment. . . .

Matthews did not file a motion for a new trial within 30 days alleging ineffective assistance of counsel and did not, therefore, comply with Rule 36.4. Matthews' counsel at trial filed, contemporaneously with a notice of appeal and designation of record, a "Motion for Indigency Determination for Purposes of Transcript and Appointment of Counsel" that provided in part: "It is being contended that undersigned counsel provided ineffective assistance of counsel to Nathan T. Matthews and for that reason an attorney should be appointed to pursue the appeal in this matter. Otherwise, it would be a conflict of interest for undersigned counsel to pursue the appeal."

Several months later, the trial court made a finding that Matthews was indigent and ordered a transcript prepared at public expense; however, the trial court made no rulings as to ineffective assistance of counsel or the appointment of new counsel. Even if we were to treat Matthews' trial counsel's motion

as being in substantial compliance with Rule 36.4, trial counsel failed to obtain a ruling on the motion in order to preserve the issue for appeal. *Hamm* v. *State*, 301 Ark. 154, 782 S.W.2d 577 (1990).

Consequently, Matthews, through new counsel, is precluded from raising this issue for the first time on direct appeal.[1] *Mays* v. *State*, 303 Ark. 505, 798 S.W.2d 75 (1990); *Williams* v. *State*, 302 Ark. 356, 789 S.W.2d 732 (1990).

Affirmed.

---

[1] We again note that, effective January 1, 1991, the court reinstated Rule 37, in revised form. That revised rule provides, in pertinent part, that if an appeal was taken of the judgment of conviction, a petition, claiming post-conviction relief, must be filed in circuit court within 60 days of the date the mandate was issued by the appellate court. Rule 37.2(c). *See Brown* v. *State*, 305 Ark. 53, 805 S.W.2d 73 (1991).