John BURK a/k/a John Burks, a/k/a John Burke
*v.* STATE of Arkansas

CR 93-146                                    856 S.W.2d 14

Supreme Court of Arkansas
Opinion delivered June 28, 1993

*Joe O'Bryan*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant, John Burk, was convicted of two counts of rape on October 25, 1989, and sentenced to concurrent sentences of ten years imprisonment. The convictions were affirmed by the Arkansas Court of Appeals. *Burke* v. *State*, CACR 90-66 (March 20, 1991). On September 25, 1991, the appellant filed a petition for post-conviction relief pursuant to Criminal Procedure Rule 37 in the circuit court claiming that the trial court allowed an alternate juror into the jury room and that his counsel was ineffective in numerous ways. After a hearing, the trial court denied the Rule 37 petition because it was not filed within thirty days after the petitioner was sentenced. It is from that order that the appellant brings this appeal.

When the appellant was convicted, Criminal Procedure Rule 37 was not in effect. *See In the Matter of the Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure*, 299 Ark. 573, 770 S.W.2d 148 (1989). During that period of time when Rule 37 was not in effect, Criminal Procedure Rule 36.4 governed post-conviction procedure. *See In Re: Post-Conviction Procedure*, 303 Ark. 745, 797 S.W.2d 458 (1990). Rule 36.4 allowed thirty days from the date of pronouncement of sentence and entry of judgment for claims of ineffective assistance of counsel to be raised. The rule also required the trial judge to address the defendant personally and

advise him or her of the thirty day limitation on such claims. The appellant in this case was so advised by the trial judge.

Criminal Procedure Rule 37 was reinstated on January 1, 1991. *In the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990). Those defendants convicted and sentenced while the rule was not in effect, i.e. defendants convicted and sentenced between July 1, 1989, and December 31, 1990, who were advised of the right to proceed under Rule 36.4 were obliged to avail themselves of that remedy. Those defendants who did not do so are procedurally barred from raising claims for relief under Criminal Procedure Rule 37 after its reinstatement. To rule otherwise would permit the defendant convicted while Rule 37 was not in effect two opportunities to avail himself of the right to pursue post-conviction relief provided by the Arkansas Rules of Criminal Procedure. The trial court did not err when it concluded that the petition for post-conviction relief filed in this case was untimely.

Affirmed.