**Marvin Gene PEARSON, Appellant,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

No. 94–3128.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1995.

Decided April 10, 1995.

D. Franklin Arey, III, Conway, AR, argued, for appellant.

Olan W. Reeves, Asst. Atty. Gen., Little Rock, AR, argued, for appellee.

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.

PER CURIAM.

This is a habeas corpus case. The state of Arkansas argues that petitioner's constitutional claims of ineffective assistance of counsel have been procedurally defaulted. The district court agreed. We reverse and remand.

**I**

In November of 1990, an Arkansas state court jury found petitioner, Marvin Gene Pearson, guilty of kidnapping, burglary, aggravated assault, terroristic threatening, and fleeing. At that time, the sole avenue in Arkansas for seeking relief based on ineffective assistance of counsel was to file a motion for a new trial after the trial court's judgment. *See In re Abolishment of Rule 37, etc.*, 299 Ark. 573, 770 S.W.2d 148 (1989) (adopting this procedure as ARK.R.CRIM.P. 36.4 (hereafter Rule 36.4)). Pearson passed up that opportunity. His conviction was affirmed in November 1991. *Pearson v. State*, 307 Ark. 360, 819 S.W.2d 284 (1991).

Effective January 1, 1991, Arkansas adopted a rule requiring ineffective assistance claims to be brought after a convict's direct appeal ended. *In re Reinstatement of Rule 37, etc.*, 797 S.W.2d 458 (Ark.1990). Therefore, at the time of Pearson's conviction, Arkansas's sole avenue for raising ineffective assistance claims was to file a motion

for a new trial directly after conviction; by the time his conviction was affirmed on appeal, the sole avenue had shifted to a post-appeal petition. ARK.R.CRIM.P. 37 (hereafter Rule 37).

The state contends that Pearson should have known he could file for relief based on ineffective assistance of counsel after his direct appeal ended and that he is therefore procedurally barred from having his ineffective assistance claim considered on federal habeas.

Pearson argues that he believed the rule change gave him no second chance to raise his ineffective assistance claim after his appeal ended. Pearson believed that he had already passed up his only chance to raise such a claim by failing to move for ineffective assistance-based relief directly after conviction. There is now no dispute that Pearson would have been entitled to a second bite at the apple had he timely moved for ineffective assistance relief after his appeal ended. *Pogue v. State*, 316 Ark. 428, 872 S.W.2d 387, 388 (1994). (We note that the dicta in *Burk v. State*, 313 Ark. 652, 856 S.W.2d 14 (1993), stating that a petitioner like Pearson was not entitled to a second-chance Rule 37 remedy has been supplanted by the explicit contrary holding in *Pogue.*) The bone of contention is not whether Pearson had a right to proceed under new Rule 37, but rather when he should have known of this right.

The state does not contend that the new Rule 37 or the Arkansas Supreme Court directive adopting it alerted those convicts with appeals pending on the rule's effective date of their new post-appeal remedy. Rather, the state contends that Pearson was notified of his post-appeal rights by two Arkansas Supreme Court decisions handed down before Pearson's own conviction was affirmed in November of 1991. *Matthews v. State*, 305 Ark. 207, 807 S.W.2d 29 (1991); *Brown v. State*, 305 Ark. 53, 805 S.W.2d 73 (1991). The state asserts that those cases put Pearson on notice as to his post-appeal Rule 37 remedy more than seven months before his conviction was affirmed. Pearson, on the other hand, argues that the first solid indication that he had a post-appeal remedy came

in the March 1994 *Pogue* decision. (Pearson filed the instant action eighteen days after *Pogue* without approaching the Arkansas courts.)

█ In a recent case arising from the same Arkansas rule change, we held that federal review could not be barred where a habeas petitioner was apprised of a remedy only by a state court decision which simultaneously established that the deadline for that remedy had passed. *Easter v. Endell*, 37 F.3d 1343 (8th Cir.1994). To be sure, there is no constitutional right to appeal convictions. *Id.* at 1345. But where direct appeal or another avenue of collateral attack is created by the state, it must conform to due process standards. *Id.* Only state rules firmly adopted or established when a criminal defendant must resort to them are adequate to support a federal court's decision opting not to review federal constitutional claims; state procedural barriers which a criminal defendant could not be fairly expected to know of cannot bar federal review. *Id.* at 1345–46 (citing *Ford v. Georgia*, 498 U.S. 411, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991), and other cases). (A federal court's option not to review hinges not only on whether the state rule is adequate, but also whether it is independent; there is no question that Rule 37 is an independent state ground. *Id.* at 1345.)

█ Thus, the question in this case resolves to whether or not *Brown* and *Matthews* firmly established a rule that convicts whose direct appeals were pending when new Rule 37 became effective could avail themselves of it. If these cases did lay out the rule as the state contends, then Pearson was properly apprised of the rule before it applied to him, and the state procedural bar is adequate to support the district court's decision to deny federal review; but if, as Pearson asserts, the rule was not firmly established until *Pogue*—that is to say years after Pearson was required to resort to it—it will not be adequate to bar federal review of the merits of his claim.

In *Matthews*, the Arkansas Supreme Court ruled that Matthews, who failed to insist that the trial court rule on his Rule 36.4 motion for a new trial, did not properly preserve his ineffective assistance of counsel claim for appeal. A footnote was added which in its entirety reads:

We again note that, effective January 1, 1991, the court reinstated Rule 37, in revised form. That revised rule provides, in pertinent part, that if an appeal was taken of the judgment of conviction, a petition, claiming post-conviction relief, must be filed in circuit court within 60 days of the date the mandate was issued by the appellate court. Rule 37.2(c). *See Brown v. State*, 305 Ark. 53, 805 S.W.2d 73 (1991).

807 S.W.2d at 31 n. 1. With the exception of the additional word "again," this footnote is taken verbatim from footnote 1 in *Brown.* 805 S.W.2d at 75 n. 1.

This footnote is vital to the state's theory in this case. We find that it in no certain way indicates that Matthews and others who knowingly passed up a trial-level Rule 36.4 ineffectiveness remedy can still avail themselves of the new Rule 37. It might just as well be a reminder that the *Matthews* holding that ineffective assistance claims must be raised at the trial level is intended to have no applicability to post–1990 convictions. Another indication that *Matthews* did not firmly establish the rule contended by the state: in *Pogue* the state itself, though presumably edified by *Matthews* as it contends Pearson was, nevertheless argued that Rule 37 relief was not available to a person convicted before 1991. *Pogue*, 872 S.W.2d at 388. As in *Easter*, the state has not demonstrated that Pearson was put on notice that he had a Rule 37 remedy before his filing deadline passed. The availability of Rule 37 was not firmly established when Pearson needed to pursue it. Accordingly, Pearson's Rule 37 default is not adequate to support a denial of federal review of the merits of Pearson's constitutional claims.

## II

█ Although usually federal courts choose to abstain from deciding issues never presented to the state courts, *see Ellis v. Lockhart*, 875 F.2d 200 (8th Cir.1989), habeas petitioners are not required to pursue obviously futile state court remedies, *Smittie v.*

*Lockhart,* 843 F.2d 295, 297–98 (8th Cir. 1988); *cf. Woods v. Kemna,* 13 F.3d 1244, 1245 (8th Cir.1994) (noting that extraordinary procedural efforts—such as the motion to recall the mandate likely required here—will usually not be required of habeas petitioners). At any rate, since it is undisputed that under *Burk,* 856 S.W.2d at 14–15, an attempt by Pearson to file a belated Rule 37 petition would be rejected as untimely by the Arkansas courts, Pearson has no realistic recourse in the Arkansas courts. *Cf. Pogue,* 872 S.W.2d at 388 (timely Rule 37 petition by convict in Pearson's situation accepted).

We reverse and remand for consideration of the merits of Pearson's constitutional claims.