_____

No. 95-2590
_____

Kirt Morris,                          *
                                      *
      Plaintiff - Appellant,          *
                                      *
                                      *   Appeal from the United States
      v.                              *   District Court for the
                                      *   Eastern District of Arkansas.
Larry Norris, Arkansas                *
Department of Correction,             *
                                      *
      Defendant - Appellee.           *

_____

Submitted:  January 9, 1996

Filed:  May 14, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

LOKEN, Circuit Judge.

      Arkansas inmate Kirt Morris was convicted of kidnapping and raping
a woman near Pine Bluff, Arkansas, on the night of January 25-26, 1992.
The Arkansas Supreme Court affirmed his conviction.  Cloird v. State, 862
S.W.2d 211 (Ark. 1993).  Without filing a petition for state post-
conviction relief, Morris petitioned the district court for a writ of
habeas corpus, raising four claims which the court[1] denied as procedurally
barred.  Morris appeals, arguing that one claim was fairly presented to the
state courts, and that his procedural defaults should be excused.  We
affirm.

_____

      [1] The HONORABLE SUSAN WEBBER WRIGHT, United States District
Judge for the Eastern District of Arkansas, adopting the Proposed
Findings and Recommendations of the HONORABLE HENRY JONES, United
States Magistrate Judge for the Eastern District of Arkansas.

1. Are All Claims Defaulted?  Prior to trial, Morris moved for a separate trial from his two co-defendants because the State intended to introduce one co-defendant's out-of-court statement implicating Morris. See Ark. R. Crim. P. 22.3.  On direct appeal, Morris argued that the trial court abused its discretion under the state rule in denying that motion. The Arkansas Supreme Court rejected that claim.  See 862 S.W.2d at 213-14. In his federal habeas petition, Morris claimed that being tried with his co-defendants deprived him of due process and the right to confront the non-testifying declarant.  The district court held that this claim was not fairly presented to the state courts.

To avoid a procedural default, the habeas petitioner must fairly present his claim to the state court, that is, he must "present the same facts and legal theories to the state court that he later presents to the federal courts."  Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). Morris argues that this claim is not procedurally defaulted because "[t]he Arkansas Supreme Court's decision fairly appears to be interwoven with federal law."  We disagree.  Morris's brief to the Arkansas Supreme Court argued only an abuse of discretion under the state procedural rule.  He did not refer to the federal Constitution nor cite a federal case, and the state court cases he cited discuss only state law.  In rejecting this claim, the Arkansas Supreme Court referred to no issue of federal law and cited no federal authority.

Even if state law "bears some relation to" federal constitutional requirements, "habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct appeal to preserve federal review."  Luton v. Grandison, 44 F.3d 626, 628 (8th Cir. 1994), cert. denied, 115 S. Ct. 1262 (1995); see Duncan v. Henry, 115 S. Ct. 887 (1995).  A motion to sever does not necessarily raise a federal constitutional issue.  Thus, Morris procedurally defaulted this claim.  He concedes that his other federal claims are procedurally defaulted

because he did not raise them on direct appeal or in a petition for post-conviction relief.

2. May the Defaults Be Excused?  We may only consider procedurally defaulted claims if Morris excuses the default by showing cause and prejudice or a "colorable claim of factual innocence." Sawyer v. Whitley, 112 S. Ct. 2514, 2518-19 (1992).  Morris first argues that there is cause for his post-conviction defaults because his attorney failed to advise him of the exclusive state post-conviction remedy, Ark. R. Crim. P. 37 (1991), and its restrictive time limits.  However, there is no right to counsel in post-conviction proceedings, and therefore ineffective assistance of post-conviction counsel cannot excuse a procedural default.  See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Pollard v. Delo, 28 F.3d 887, 888 (8th Cir.), cert. denied, 115 S. Ct. 518 (1994).  It is immaterial to this principle that Morris's time for filing a Rule 37 petition expired during the period when he could have petitioned the United States Supreme Court for a writ of certiorari from the denial of his direct appeal.

Relying on Pearson v. Norris, 52 F.3d 740, 742 (8th Cir. 1995), Morris next argues that there was cause for his failure to file a Rule 37 post-conviction petition because he did not have adequate notice of the Rule's sixty-day time limit.  In Pearson, however, the defendant was convicted before Rule 37 took effect, and it was unclear whether the Rule applied.  Morris's conviction, on the other hand, was affirmed in October 1993.  By then, it was clear that Rule 37 was his exclusive post-conviction procedure, and that its sixty-day time limit would be strictly enforced. See Bailey v. State, 848 S.W.2d 391, 392 (Ark. 1993).

Morris next argues that his defaults are excused by the ineffective assistance of his trial and appellate counsel in failing to preserve these issues by motion for new trial or on direct appeal.  However, "a claim of ineffective assistance must be

presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995), cert. denied, No. 95-8218, 1996 WL 122542 (quotation omitted).  Thus, the district court was correct in concluding that Morris cannot show cause excusing any of his procedural defaults.

Finally, Morris argues that his procedural defaults may be excused under the actual innocence exception to procedural bar.  To pass through this gateway, Morris must prove "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 115 S. Ct. 851, 867 (1995).  However, Morris has made no showing that he is actually innocent of either crime.  Rather, he argues (i) but for the procedurally defaulted trial errors, the jury would have found him less culpable, and therefore (ii) he is actually innocent of his fifty year prison sentence.  Morris cites no case applying the actual innocence exception in this manner; in any event, we conclude that the contention is factually without merit.

For the foregoing reasons, Morris's federal habeas claims are procedurally barred.  Because the procedural bar is apparent from the state court record, Morris was not entitled to an evidentiary hearing on his claims.  See Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir. 1994).  The judgment of the district court is affirmed.  Morris's Motion to Supplement the Record on Appeal is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-