No. 95-4033

Marvin Gene Pearson,              *
                                  *
        Appellee,                 *
                                  *  Appeal from the United States
        v.       *                District Court for the Eastern
                                  *  District of Arkansas.
Larry Norris, Director,           *
Arkansas Department               *
of Correction,                    *
                                  *
        Appellant.                *


Submitted:  June 13, 1996

Filed:  July 11, 1996


Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.


MORRIS SHEPPARD ARNOLD, Circuit Judge.

    In 1990, a state court jury convicted Marvin Gene Pearson of
kidnapping, burglary, and terroristic threatening.  At that time, Arkansas
law provided two avenues for challenging a conviction -- (1) within 30 days
of sentencing, a pre-appeal petition to the trial court for a new trial on
the ground of ineffective assistance of trial counsel, see In the Matter
of the Abolishment of Rule 37 and the Revision of Rule 36, 770 S.W.2d 148
(Ark. 1989) (per curiam); and (2) within 30 days of sentencing or 30 days
of the denial of the new trial motion (whichever was latest), appeal to a
higher state court on the ground of error during the trial, see id. and
what is now Ark. R. Crim. App. P. 1(a).

Mr. Pearson did not petition the trial court for a new trial based on alleged ineffective assistance of trial counsel. He did appeal his convictions, making two state-law claims of error (failure to give a certain jury instruction; overlap of the charges on, and thus excessive sentences for, kidnapping and terroristic threatening). The Arkansas Supreme Court declined to reach the merits of these claims, holding that Mr. Pearson had failed to preserve them properly (he had neglected to offer the jury instruction at trial and to describe it in the appeal brief; he had neglected to raise the issue of excessive sentences in the trial court). The Arkansas Supreme Court therefore affirmed the convictions. See Pearson v. State, 819 S.W.2d 284, 285-86 (Ark. 1991).

I.

In 1994, Mr. Pearson petitioned in federal court for habeas corpus relief under 28 U.S.C. § 2254(a). In that petition, he alleged violation of his sixth amendment right to counsel by virtue of the ineffective assistance of his trial lawyer, specifically, the lawyer's neglecting to offer the relevant jury instruction and to raise the issue of excessive sentences. In describing his claims, Mr. Pearson stated that his trial counsel had failed altogether to petition for a new trial (or to request a different lawyer to do so) based on those two omissions during trial.

The petition was referred to a magistrate. See 28 U.S.C. § 636(b)(1)(B) and Rule 8(b), Rules Governing Section 2254 Cases. Because Mr. Pearson had never raised, in the state courts, the issue of ineffective assistance of counsel at trial, that claim in his habeas petition was barred from consideration in the federal courts unless he showed cause for his default in the state courts in that regard and actual prejudice as a result of that default. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750 (1991). The magistrate therefore directed Mr. Pearson to submit a statement

-2-

"describing the circumstances" that led to his failure in the state courts to raise the issue of ineffective assistance of counsel at trial. In response, Mr. Pearson stated again that his trial counsel had failed altogether to petition for a new trial (or to request a different lawyer to do so) on the basis of that counsel's own alleged ineffective assistance at trial.

The magistrate found that Mr. Pearson could have petitioned -- but did not -- under Ark. R. Crim. P. 37.1(a) for a new trial on the basis of ineffective assistance of trial counsel. That rule, which was in effect by the time the Arkansas Supreme Court decided Mr. Pearson's appeal, changed the avenues under Arkansas law for challenging a conviction from those that were in effect at the time of Mr. Pearson's trial. See In the Matter of the Reinstatement of Rule 37, 797 S.W.2d 458 (Ark. 1990) (per curiam), and In re Post-Conviction Procedures, 797 S.W.2d 458 (Ark. 1990) (per curiam). Under the new (and current) scheme, a petition to the trial court for a new trial on the ground of ineffective assistance of counsel at trial may not be made until after an appeal is decided, see Ark. R. Crim. P. 37.2(a), and must be made within 60 days of the mandate from the state appellate court, see Ark. R. Crim. P. 37.2(c).

Even though that rule was not in effect at the time of Mr. Pearson's trial, the magistrate noted that because the rule was in effect when Mr. Pearson's appeal was decided, Mr. Pearson could have petitioned for relief under the rule after his appeal. See, e.g., Poque v. State, 872 S.W.2d 387, 388 (Ark. 1994). The magistrate found that Mr. Pearson had not offered any reason for his failure to petition for a new trial under Ark. R. Crim. P. 37.1(a) after his appeal. The magistrate therefore recommended that Mr. Pearson's habeas petition be denied. The district court adopted that recommendation and dismissed Mr. Pearson's habeas petition.

Mr. Pearson appealed that dismissal order to this court. In <u>Pearson</u> <u>v. Norris</u>, 52 F.3d 740, 742 (8th Cir. 1995) (<u>per</u> <u>curiam</u>), we held, as a matter of law, that Mr. Pearson had never received constitutionally valid notice, at a time when he could have taken advantage of it, of his right to pursue relief under Ark. R. Crim. P. 37.1(a). We further held that it would be futile for Mr. Pearson to petition for relief in the state courts under that rule, since any such petition obviously "would be rejected as untimely," <u>id.</u> at 743. <u>See</u>, <u>e.g.</u>, <u>Burk v. State</u>, 856 S.W.2d 14, 14-15 (Ark. 1993) (<u>per</u> <u>curiam</u>). Holding that Mr. Pearson thus "has no realistic recourse in the Arkansas courts," we directed the district court to consider "the merits of [Mr. Pearson's] constitutional claims." <u>Pearson</u>, 52 F.3d at 743.

## II.

On remand, the case was again referred to a magistrate. <u>See</u> 28 U.S.C. § 636(b)(1)(B) and Rule 8(b), Rules Governing Section 2254 cases. Instead of addressing the merits of Mr. Pearson's sixth amendment claims of ineffective assistance of counsel at trial, however, the magistrate found that Mr. Pearson had suffered constitutionally significant ineffective assistance of counsel for purposes of a pre-appeal petition to the trial court for a new trial on the basis of ineffective assistance of counsel at trial. As a consequence, the magistrate recommended that Mr. Pearson be released unless he was permitted within 90 days to pursue such a petition in the state courts with the assistance of counsel, even though the rule allowing that pre-appeal procedure is no longer in effect. <u>See In the Matter of Reinstatement of Rule 37</u>, 797 S.W.2d 458 (Ark. 1990) (<u>per</u> <u>curiam</u>), and <u>In re Post-Conviction Proceedings</u>, 797 S.W.2d 458 (Ark. 1990) (<u>per</u> <u>curiam</u>). The district court adopted the recommendation.

The state appealed the district court's order granting relief to Mr. Pearson. The state argues that the district court erred, as

-4-

a matter of law, in holding that Mr. Pearson is constitutionally entitled to counsel with respect to a petition to the trial court for a new trial if that petition is based on alleged ineffective assistance of counsel at trial.  The state also argues that, in any event, the proper action for the district court to have taken, in light of this court's earlier decision in this very case, see Pearson v. Norris, 52 F.3d 740, 743 (8th Cir. 1995) (per curiam), was to consider the merits of Mr. Pearson's sixth amendment claims, not to send him back through the state courts.  Mr. Pearson responds, first, that he is indeed constitutionally entitled to counsel with respect to a petition to the trial court for a new trial because of ineffective assistance of counsel at trial.  He further argues that the district court acted appropriately in granting him the opportunity to prosecute such a petition at this point.

We need not discuss the question of whether Mr. Pearson was constitutionally entitled to counsel with respect to the now-defunct procedure allowing a pre-appeal petition to the trial court for a new trial because of ineffective assistance of counsel at trial.  See, e.g., Robinson v. Norris, 60 F.3d 457, 460 (8th Cir. 1995), cert. denied, 116 S. Ct. 1344 (1996); but see also Cherry v. State, 918 S.W.2d 125, 128 n.1 (Ark. 1996). That is because the district court misinterpreted our directive in the previous appeal, and we therefore remand the case with instructions to the district court to follow that directive.

### III.

"The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority," i.e., the district court.  City of Cleveland, Ohio v. Federal Power Commission, 561 F.2d 344, 346 (D.C. Cir. 1977).  "The District Court is bound by the [appellate] decree and must carry it into execution." Thornton v. Carter, 109 F.2d 316, 319

-5-

(8th Cir. 1940). On remand, the district court "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in light of the opinion of [the appellate] court deciding the case." Id. at 320.

This court's opinion in the previous appeal in this case directed that the district court proceed by "consider[ing] ... the merits of [Mr. Pearson's] constitutional claims." Pearson v. Norris, 52 F.3d 740, 743 (8th Cir. 1995) (per curiam). Those claims were that Mr. Pearson was deprived of his sixth amendment right to counsel by virtue of his trial lawyer's neglecting to offer the relevant jury instruction and to raise the issue of excessive sentences.

It is true that Mr. Pearson's habeas petition cited his lawyer's failure to petition for a new trial (or to request a different lawyer to do so) based on those two omissions at trial. Reading the petition as a whole, however, it is clear that Mr. Pearson was requesting relief on the basis of his lawyer's omissions at trial, not on the basis of his lawyer's failure to file a pre-appeal petition for a new trial, even though that petition would have alleged those omissions as well. His citation of his lawyer's failure to petition for a new trial was offered to explain why he had not raised his lawyer's trial omissions in the state courts. It is also clear from this court's previous opinion that this court distinguished between Mr. Pearson's sixth amendment claims relative to ineffective assistance at trial and Mr. Pearson's references to his lawyer's failure to file a pre-appeal petition for a new trial. This court discussed the latter failure solely in the context of whether Mr. Pearson had offered a sufficient reason for his procedural default of his sixth amendment claims. Id. at 742; see also Forgy v. Norris, 64 F.3d 399, 401-02 (8th Cir. 1995), and Easter v. Endell, 37 F.3d 1343, 1345-47 (8th Cir. 1994).

The district court therefore had no power on remand to address any issues other than the merits of Mr. Pearson's sixth amendment claims relative to ineffective assistance at trial. See, e.g., United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996); Barber v. International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, District Lodge No. 57, 841 F.2d 1067, 1071-73 (11th Cir. 1988); Office of Consumers' Counsel, State of Ohio v. Federal Energy Regulatory Commission, 826 F.2d 1136, 1139-40 (D.C. Cir. 1987) (per curiam); Wheeler v. City of Pleasant Grove, 746 F.2d 1437, 1440-41 (11th Cir. 1984) (per curiam); and City of Cleveland, Ohio, 561 F.2d at 347-48. See also Litman v. Massachusetts Mutual Life Insurance Co., 825 F.2d 1506, 1511-12, 1514-15 (11th Cir. 1987) (en banc), cert. denied, 484 U.S. 1006 (1988).

IV.

For the reasons stated, we vacate the district court's judgment and remand the case for consideration of the merits of Mr. Pearson's sixth amendment claims relative to his trial.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-