**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 00-1195

David Reagan,                              *
                                           *
              Appellant,                   *    Appeal from the United States
                                           *    District Court for the Eastern District
       v.                                  *    of Arkansas
                                           *
Larry Norris, Director,                    *
Arkansas Department of Corrections,        *
                                           *
              Appellee.                     *

Submitted: June 13, 2001
     Filed: February 5, 2002

Before LOKEN, Circuit Judge, and ROSENBAUM[*] and DAWSON,[**] District Judges.

ROSENBAUM, District Judge.

---

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

[**]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

This habeas corpus case has a complex and extended history. In his petition for a writ of habeas corpus, David Reagan claims he was denied effective assistance of trial, post-trial, and appellate counsel. The State of Arkansas argues Reagan has procedurally defaulted these claims. The district court dismissed Reagan's petition for procedural default. We reverse and remand.

I.

David Reagan was convicted of first-degree murder in the Greene County, Arkansas, Circuit Court on June 22, 1990. His conviction resulted from the death of two-year old Sarah Binkard, the daughter of Reagan's girlfriend, Renay Binkard. Following an investigation into Sarah Binkard's death, Reagan was charged with first-degree murder, and Binkard was charged with first-degree murder and permitting the abuse of a child. Attorney C.W. Knauts represented both Reagan and Binkard.

Prior to trial, Binkard gave statements to the police that incriminated Reagan. She then entered a negotiated guilty plea to the charge of permitting the abuse of a child, in exchange for her testimony against Reagan at trial. Knauts engaged in these plea negotiations on behalf of Binkard, and thereafter represented Reagan at trial. At trial, the jury convicted Reagan of first-degree murder, and the trial court sentenced him to life imprisonment.

After his conviction, on June 28, 1990, Reagan filed a pro se motion for a new trial, pursuant to Rule 36.4 of the Arkansas Rules of Criminal Procedure. Rule 36.4, in effect from July 1, 1989, to December 31, 1990, governed Arkansas' post-conviction relief at the time. On July 18, 1990, Knauts filed a separate notice of appeal from the judgment of conviction. On August 10, 1990, the trial court entered an order granting Reagan leave to proceed in forma pauperis on appeal.

On September 6, 1990, Reagan filed a pro se motion in the trial court, claiming ineffective assistance of trial counsel. He also requested a stay of his direct appeal pending the disposition of his trial court motions. Soon thereafter, Knauts filed a motion to withdraw as Reagan's counsel. On October 10, 1990, the trial court granted the motion to withdraw, relieving Knauts of his representation.

Sometime in December, 1990, the Greene County Circuit Court tendered Reagan's trial transcript to the Arkansas Supreme Court Clerk of Court, as the record on appeal. The Clerk of Court declined to file the transcript, however, because it was not tendered within 90 days of the filing of the notice of appeal as required by Arkansas law. See Ark. R. App. P. Crim. 4; Ark. R. App. P. Civ. 5. On December 20, 1990, Knauts filed a motion in the Arkansas Supreme Court seeking to compel the Clerk to accept the filing. On January 22, 1991, the Arkansas Supreme Court denied the motion, but directed that it would grant the motion if Knauts submitted an affidavit accepting full responsibility for failing to tender the record on time. Knauts never filed such an affidavit.

On January 9, 1991, Reagan filed an amendment to his motion for a new trial, alleging additional claims of ineffective assistance of trial counsel.

On February 12, 1991, the trial court appointed John Lingle as Reagan's attorney. On April 12, 1991, Lingle filed a motion to set a hearing date on Reagan's amended motion for a new trial.

On March 16, 1992, Reagan filed a petition for a writ of mandamus in the Arkansas Supreme Court, requesting an order compelling the trial court to either set a hearing date or rule on his amended motion for a new trial. On April 6, 1992, the Arkansas Supreme Court denied Reagan's petition.

On March 23, 1992, the trial court denied all of Reagan's post-trial claims. The trial court's order stated it considered Knauts—rather than Lingle—to be Reagan's attorney-of-record. The trial court premised its statement on the Arkansas Supreme Court decision denying Knauts' request to be relieved of his duties when the court denied his motion for an order compelling the clerk of court to accept the record on appeal.

On April 7, 1992, Reagan filed a pro se appeal from the trial court's order denying post-trial relief. He also filed a second motion seeking appointment of counsel. He did not, however, tender the record to the Arkansas Supreme Clerk of Court within 90 days. Consequently, his appeal was never heard.

On December 8, 1992, Reagan filed a pro se petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, claiming ineffective assistance of counsel. The district court found that Reagan's state remedies had not been exhausted and, on June 20, 1994, dismissed the petition without prejudice, permitting Reagan to exhaust his state remedies. On October 6, 1994, this Court denied Reagan's application for certificate of probable cause to appeal.

On March 28, 1994, the Arkansas Supreme Court granted Reagan leave to file a belated appeal and appointed attorney Paul Lee to represent him. Reagan filed a pro se motion to stay the appeal pending the disposition of his first habeas petition. The Arkansas Supreme Court denied the motion. The only issue Lee raised in the appeal was whether there had been sufficient evidence to support the verdict. Lee made no claim that Reagan's trial counsel provided ineffective assistance when he engaged in dual representation of two codefendants whose interests could fairly be regarded as inimical. On October 24, 1994, the Arkansas Supreme Court found the sufficiency of the evidence issue had not been properly preserved for appeal because of trial

counsel's failure to precisely move for a directed verdict and affirmed Reagan's conviction.  See generally Reagan v. State, 885 S.W.2d 849 (1994).

As these events were transpiring, Arkansas replaced Rule 36.4 of its Rules of Criminal Procedure with Amended Rule 37, which became effective on January 1, 1991.  Unlike Rule 36.4, which required a convicted defendant to raise ineffective assistance of counsel claims through a motion for a new trial filed within 30 days after the filing of the judgment of conviction, the new Rule 37 requires a defendant to raise such claims by a petition in the trial court filed within 60 days after issuance of the mandate affirming the petitioner's conviction on direct appeal.  In re Abolishment of Rule 37 and the Revision of Rule 36 of the Arkansas Rules of Criminal Procedure, 770 S.W.2d 148 (Ark. 1989).  Reagan did not reapply for post-conviction relief under Amended Rule 37, but again sought federal habeas corpus relief.

On April 16, 1997, Reagan filed a second petition for a writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, claiming ineffective assistance of trial, post-trial, and appellate counsel.  A United States Magistrate Judge considered the petition and, on October 28, 1999, issued proposed findings and recommendations that Reagan's petition was procedurally defaulted. On November 16, 1999, the district court entered judgment and dismissed Reagan's petition with prejudice, affirming the magistrate's findings and recommendations. Reagan appeals the district court's dismissal of his habeas petition.

II.

We conclude Reagan's federal habeas corpus petition is not procedurally barred. Accordingly, we reverse its dismissal and remand to the district court for consideration on the merits.

A.

In evaluating a petition for federal habeas corpus relief, a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state law ground. See, e.g., Lee v. Kenna, 213 F.3d 1037, 1038 (8th Cir. 2000) (per curiam), cert. granted, 121 S. Ct. 1186 (2001). This includes cases in which the state judgment turns on an independent and adequate state procedural ground, such as a state court determination that a claim has been lost because of default. See Coleman v. Thompson, 501 U.S. 722, 729-30, 750 (1991); see also Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc). This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," Coleman, 501 U.S. at 750, or show actual innocence, Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298, 326-27 (1995).

In this case, Reagan claimed ineffective assistance of trial counsel in his initial post-trial Rule 36.4 motion. This claim was procedurally defaulted in the Arkansas courts when he appealed the denial of Rule 36.4 relief, but failed to tender the record to the Arkansas Supreme Court within 90 days as required by state law. See Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) ("[Petitioner] procedurally defaulted his post-conviction claim by failing to meet the deadline for his appeal from the state

trial court's denial of post-conviction relief."). Therefore, his claim of ineffective assistance of trial counsel is barred from federal habeas review unless Reagan can show either cause and prejudice excusing the default or actual innocence. We find, as a matter of law, that Reagan's present petition demonstrates cause and prejudice for the default of his claim of ineffective assistance of trial counsel in the state courts: namely, the ineffective assistance of his post-trial and appellate counsel with regard to the appeal of the denial of Rule 36.4 relief.

Ineffective assistance of counsel can excuse procedural default. See, e.g., Dawan v. Lockhart, 980 F.2d 470, 473 (8th Cir. 1992). There is no general Sixth Amendment right to post-conviction counsel in collateral proceedings, because such proceedings are usually civil in nature. Coleman, 501 U.S. at 752-53 ("There is no constitutional right to an attorney in state post-conviction proceedings." (citation omitted)).

This Court, however, has extended the Sixth Amendment right to counsel to Rule 36.4 motions for a new trial under the Arkansas Rules of Criminal Procedure. See Dawan, 980 F.2d at 474; see also Jackson v. Norris, 105 F.3d 405, 406 (8th Cir. 1997). The Court did so because it considers Rule 36.4 motions post-trial proceedings rather than post-conviction proceedings. See Dawan, 980 F.2d at 474 n.5; Jackson, 105 F.3d at 406. The right to effective assistance of counsel also applies in the first appeal of right. See Dawan, 980 F.2d at 474 n.5; Coleman, 501 U.S. at 755-56. Therefore, Reagan had a Sixth Amendment right to effective assistance of counsel in his post-trial and appellate representation. Moreover, ineffective assistance of post-trial and appellate counsel may excuse the procedural default of his claim of ineffective assistance of trial counsel. In order to establish ineffective assistance, petitioner must show that his post-trial and appellate attorneys acted in a professionally unreasonable manner under the circumstances and that this prejudiced

his post-trial representation. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).

As stated above, Reagan's claim of ineffective assistance of trial counsel was procedurally defaulted in the Arkansas courts when he appealed the denial of Rule 36.4 relief, but failed to tender the record to the Arkansas Supreme Court within 90 days as required by state law. We note that Reagan's Rule 36.4 motion was filed pro se, although Knauts—who represented him at trial—had not yet been relieved of his representation. When the trial court denied Rule 36.4 relief, it still considered Knauts to be Reagan's attorney, even though the court had previously appointed Lingle to represent him. These facts mean that Reagan's appeal of the trial court's denial of Rule 36.4 relief remained pro se. When Reagan filed this appeal, he also filed his second motion seeking appointment of counsel.

In short, Reagan sought post-trial representation to pursue, among other claims, ineffective assistance of trial counsel because of an inherent conflict of interest in Knauts' representation. But Reagan's post-trial counsel either failed to recognize or did not adequately assist him in pursuing this claim and thus failed to preserve it on appeal. We find, therefore, that his counsel acted unreasonably, which establishes "cause" for Reagan's default. See Simmons v. Lockhart, 915 F.2d 372 (8th Cir. 1990) (holding that petitioner's attorney's failure to preserve his conflict of interest claim "rendered his assistance professionally unreasonable, and that ineffectiveness is sufficient cause to excuse [petitioner's] failure to present the conflict-of-interest argument to the state courts"); see also Dawan, 980 F.2d at 473-74 ("[Petitioner's] attorney represented successively two codefendants with conflicting stories, creating an actual conflict of interest which he did not bring to the Court's attention at or after trial. In so doing, he acted unreasonably.").

To show ineffective assistance of post-trial and appellate counsel, and thereby excuse his procedural default, Reagan must next show he was prejudiced by his attorneys' action or inaction. To do so, he must show his attorneys' unprofessional acts "actually had an adverse effect on the defense"—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693.

Absent effective waiver, trial counsel's dual representation of Reagan and Binkard, his codefendant, in a capital case of this nature is of serious concern. See Whitmore v. Avery, 26 F.3d 1426 (8th Cir. 1994). Binkard's testimony got her a reduced charge and was used against Reagan to convict him of a capital offense. Such a dual representation can well rise to a constitutional violation. Although Reagan raised this issue in his pro se motions and pro se appeal, the conflict of interest issue should have been recognized and raised by his post-trial and appellate counsel. Thus, the failure of Reagan's post-trial and appellate attorneys to raise this claim in post-trial motions or on direct appeal and their failure to preserve it on appeal establishes "actual prejudice": the denial of appellate review of the reasonableness of Reagan's counsel's representation at trial. See Dawan, 980 F.2d at 474.

We do not, of course, resolve the merits of Reagan's conflict-of-interest claim. That issue awaits full consideration in the habeas proceeding that will follow. We do, however, find unreasonable the failure of post-trial and appellate counsel to advance the issue, which raises additional questions of competent representation. As in Dawan, this failure prejudiced Reagan by leaving him essentially unrepresented in post-trial and appellate proceedings concerning the conflict-of-interest question, and by denying him subsequent review of this question in the state courts. See id. at 474. Denial of counsel is presumed prejudicial. See Robinson v. Norris, 60 F.3d 457, 460 (8th Cir. 1995). The trial court's continued recognition of Knauts as Reagan's counsel during post-trial and some of the subsequent appellate proceedings is of no

consequence, because Reagan was entitled to different counsel to pursue his initial ineffective assistance claim. See id. Therefore, the ineffectiveness of his post-trial and appellate counsel establishes the cause necessary to excuse petitioner's failure to appeal the denial of Rule 36.4 relief.

## B.

The State of Arkansas also contends Reagan's claim of ineffective assistance of trial counsel is procedurally barred by his failure to bring a Rule 37 petition following his direct appeal. As noted above, Reagan was convicted in 1990, when Rule 36.4 of the Arkansas Rules of Criminal Procedure governed post-trial relief. His June 28, 1990, motion for a new trial satisfied this rule. Reagan's conviction was affirmed on direct appeal in 1994, however, when Amended Rule 37 was in effect, but he did not bring a Rule 37 petition.

Reagan responds to this contention by claiming insufficient notice that Rule 37 relief might be available following an unsuccessful Rule 36.4 motion. When it considered the question, the district court adopted the magistrate's findings that Reagan could have brought a Rule 37 petition in addition to his Rule 36.4 motion. This conclusion was erroneous.

Few cases address the availability of post-conviction relief when Rule 36.4 was in effect at the time of conviction and Amended Rule 37 was in effect at the time of direct appeal. In Pogue v. State of Arkansas, 872 S.W.2d 387 (Ark. 1994), the Arkansas Supreme Court held that "a Rule 37 petition, filed after January 1, 1991, is timely brought if it is within 60 days of the date the mandate was issued by the appellate court . . . even if the conviction occurred during the time period when former Rule 36.4 was in effect." Id. at 388. In Pearson v. Norris, 52 F.3d 740 (8th Cir. 1995),

we cited <u>Pogue</u> as authority for the proposition that "[t]here is now no dispute that Pearson would have been entitled to a second bite at the apple had he timely moved for ineffective assistance relief after his appeal ended." <u>Id.</u> at 741. In each case, the petitioners were convicted when Rule 36.4 was in effect, but neither petitioner brought a Rule 36.4 motion. Reagan, however, did so.

Only firmly-adopted or established state procedural rules will bar federal review of constitutional claims on habeas. <u>Ford v. Georgia</u>, 498 U.S. 411, 424-25 (1991); <u>Easter v. Endell</u>, 37 F.3d 1343, 1346 (8th Cir. 1994); <u>see also</u> <u>Pearson</u>, 52 F.3d at 742. <u>Pogue</u> was decided before Reagan's conviction was affirmed on direct appeal, but <u>Pearson</u> was not. Thus, we must determine whether <u>Pogue</u> firmly establishes the rule that a petitioner who brought a post-trial Rule 36.4 motion alleging ineffective assistance of trial counsel could also bring a post-appeal Rule 37 petition alleging the same. <u>Cf.</u> <u>Pearson</u>, 52 F.3d at 742. We conclude that <u>Pogue</u> does not firmly establish such a rule.

<u>Pogue</u> must be read in conjunction with the Arkansas Rules of Criminal Procedure, which prohibit successive petitions for state post-conviction relief. Ark. R. Crim. Pro. 37.2(b) ("[A]ny ground finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence, or in any other proceedings that the petitioner may have taken to secure relief from his or her conviction or sentence, may not be the basis for a subsequent petition."). <u>Pogue</u> held that a Rule 37 petition brought within 60 days after a conviction is affirmed on direct appeal is timely, even if a defendant was convicted when Rule 36.4 was in effect. <u>Pogue</u>, 872 S.W.2d at 431. But <u>Pogue</u> did not determine whether a Rule 37 petition brought after a Rule 36.4 motion on the same ground is a successive petition. We find, therefore, that when Reagan's conviction was affirmed on appeal, there was no firmly established rule providing that a petitioner

who brought a post-trial Rule 36.4 motion alleging ineffective assistance of trial counsel could also bring a post-appeal Rule 37 motion alleging the same.

The state is incorrect when it claims this reading of <u>Pogue</u> is contrary to our decision in <u>Pearson</u>. In <u>Pearson</u>, we indicated that <u>Pogue</u> stood for the rule that petitioners "who knowingly passed up a trial-level Rule 36.4 ineffectiveness remedy can still avail themselves of the new Rule 37." <u>Pearson</u>, 52 F.3d at 742 (writing that an earlier Arkansas court decision, unlike <u>Pogue</u>, did not stand for this rule). We did state that the <u>Pogue</u> decision clearly indicated that Pearson was entitled to bring a Rule 37 petition. But Pearson, like Pogue and unlike Reagan, had not brought a Rule 36.4 motion claiming ineffective assistance of trial counsel. Therefore, the question of whether petitioners who have not passed up a trial-level Rule 36.4 ineffectiveness remedy could still avail themselves of the new Rule 37 to bring the same claim was not presented in either case.

## C.

Finally, the State of Arkansas contends Reagan's claims of ineffective assistance of post-trial and appellate counsel are procedurally barred by his failure to bring these claims in a Rule 37 petition following his direct appeal.

By its express terms, Arkansas Rule of Criminal Procedure 37.2(b) prohibits subsequent petitions only on grounds finally adjudicated. <u>See</u> Ark. R. Crim. Pro. 37.2(b). Reagan could not have brought his claims of ineffective assistance of post-trial and appellate counsel in his post-trial Rule 36.4 motion because counsels' now-challenged conduct had not yet occurred. Therefore, these grounds were not finally adjudicated, and Rule 37.2(b) did not bar Reagan from raising such claims in a Rule 37 motion following the conclusion of his direct appeal.

The precise contours of Rule 37, however, are not the focus of our inquiry. Rather, we are ultimately concerned with whether Reagan's habeas petition is procedurally barred. Thus, we must determine whether it was clearly established—at the time Reagan's conviction was affirmed on appeal—that a petitioner who brought a post-trial Rule 36.4 motion alleging ineffective assistance of trial counsel could bring a post-appeal Rule 37 motion alleging ineffective assistance of post-trial and appellate counsel. We conclude that it was not.

The availability of Rule 37 relief for Reagan's claims of ineffective assistance of post-trial and appellate counsel presents a closer question than the availability of Rule 37 relief for his claims of ineffective assistance of trial counsel, because the grounds are different under Rule 37.2(b). Nonetheless, although Pogue held that a defendant convicted when Rule 36.4 was in effect could bring a Rule 37 petition, Pogue, 872 S.W.2d at 431, Pogue simply did not address whether the same is true if a defendant was not only convicted when Rule 36.4 was in effect but also brought a post-trial Rule 36.4 motion.

We do not determine whether a petitioner who brought a post-trial Rule 36.4 motion alleging ineffective assistance of trial counsel is barred from bringing a post-appeal Rule 37 petition alleging ineffective assistance of post-trial and appellate counsel. Instead, we determine that the converse was not so firmly established that it bars a federal court from reviewing constitutional claims concerning the quality of representation on habeas corpus. Accordingly, we reverse the district court and hold that Reagan's claims alleging ineffective assistance of post-trial and appellate counsel are not procedurally barred by reason of his failure to bring a Rule 37 petition.

For these reasons, we reverse and remand, directing the district court to consider Reagan's petition on the merits.

-13-

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.