# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1108

_____

Phillip Ruth,                                    *
                                                 *
            Appellant,                           *
                                                 *   Appeal from the United States
       v.                                        *   District Court for the Western
                                                 *   District of Missouri.
James A. Gammon,                                 *
                                                 *    [UNPUBLISHED]
            Appellee.                            *

_____

Submitted: February 14, 2004
Filed: May 2, 2005

_____

Before WOLLMAN, McMILLIAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

   Phillip A. Ruth appeals the district court's[1] denial of his petition for habeas corpus. *See* 28 U.S.C. §§ 1291, 2253(a). Because the claim is procedurally defaulted, this court affirms.

   In 1999, the Missouri Division of Family Services began investigating allegations that Ruth sexually abused children at the daycare center owned by his spouse. After consulting a lawyer, who spoke with the prosecutor, Ruth confessed

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

to child molestations. Later, the state charged him with statutory sodomy. His lawyer advised him that the prior confession could be used against him at trial on all charges. Ruth then pleaded guilty to two counts of first-degree statutory sodomy and three counts of first-degree child molestation in the Circuit Court of Boone County, Missouri. He sought post-conviction relief under Missouri Supreme Court Rule 24.035, arguing ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). The Circuit Court of Boone County denied Ruth's motion, and the Missouri Court of Appeals affirmed. *Ruth v. State*, 68 S.W.3d 506 (Mo. App. 2001). The district court denied habeas corpus relief, agreeing with the Missouri Court of Appeals that trial counsel was not constitutionally ineffective. The district court held that specific claims not presented to the state court were not preserved for federal review.[2]

Ruth now claims the district court erred because his counsel advised him that his confession could be used against him at trial if he did not accept the final plea agreement. The state argues this issue is procedurally defaulted. "In reviewing a district court's decision denying a § 2254 petition, we review any findings of fact for clear error and conclusions of law de novo." *Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004), *cert denied*, 125 S. Ct. 902 (2005).

"[A] habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994); s*ee also Evans*, 371 F.3d at 445. "A habeas petitioner who asserts only broadly in his state petition for relief that his counsel has been ineffective has not immunized his federal habeas claim's specific variations from the effects of the

---

[2] Although the state did not argue procedural default to the district court, a federal court has "discretion to consider an issue of procedural default sua sponte." *King v. Kemna*, 266 F.3d 816, 822 (8th Cir. 2001), *cert. denied*, 535 U.S. 934 (2002).

state's procedural requirements. Nor has a petitioner who presents to the state courts a broad claim of ineffectiveness as well as some specific ineffectiveness claims properly presented all conceivable specific variations for purposes of federal habeas review." *Flieger*, 16 F.3d at 885 (citations omitted).

In his sole point-relied-on to the Western District of the Missouri Court of Appeals, Ruth argues he received constitutionally ineffective assistance because

> his attorney failed to fully investigate all of the pending and potential sexual offense allegations concerning Appellant prior to advising Appellant to go to the sheriff's department and give a taped confession. Had counsel adequately investigated the allegations, he would not have advised Appellant to confess to allegations of child molestation without first having negotiated a definite plea agreement instead of a "tentative" one. The ineffective assistance of counsel that Appellant received prejudiced him because had counsel not been ineffective, Appellant would not have given his confession, which forced him to plead guilty instead of going to trial.

The Missouri Court of Appeals issued a per curiam order, referencing the "reasons set forth in the memorandum provided to the parties." *Ruth*, 68 S.W.3d at 506. The memorandum does not discuss whatsoever counsel's advice that Ruth's confession could be used against him at trial on all issues.

In his petition to the district court, Ruth states the ineffectiveness claim as follows:

> a) Counsel misadvised petitioner that a plea agreement had been reached with the prosecutor before formal charges had been filed. b) so believing a plea agreement had been offered, petitioner, with counsel present, voluntarily confessed to allegations of child molestation. c) Counsel further misadvised petitioner that if he elected to proceed to trial; the statements he gave police would be used against him. d) based

upon counsel's misadvice and petitioner's confession looming over him, petitioner believed it was hopeless and that he had no choice but to except [sic] the State's offer and enter a plea of guilty.

These legal and factual bases – particularly the gravamen in point *c* – were not argued to the state court of appeals. *See Flieger*, 16 F.3d at 885. There, Ruth attacked counsel's advice *before* his confession. Here, he contends that, *after* the confession, counsel wrongly advised it could be used at trial. This claim is procedurally barred.

This court may review the claim if Ruth can show cause for the default and prejudice from the alleged violation of his rights, or actual innocence. *See Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). Ruth makes no attempt to do so.

The judgment of the district court is affirmed.

_____