Calvin SMITH *v.* STATE of Arkansas

CR 89-231B                                    790 S.W.2d 435

Supreme Court of Arkansas
Opinion delivered June 11, 1990

*Jim Dunlap*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellant.

Otis H. Turner, Justice. The appellant, Calvin Smith, together with a companion, was convicted of robbery and theft of property resulting from the robbery of a liquor store in Marked Tree and was sentenced as an habitual offender to a term of twenty years. He appeals that verdict, but we find no error and affirm the conviction and sentence.

In the early afternoon of January 14, 1989, two black males robbed, at gunpoint, Charles Liquor Store in Marked Tree. Some $200 in cash was taken from the store clerk, Evelyn Simpson. On March 25, 1989, the appellant and Danny McEwen were arrested and charged with the crime.

Evelyn Simpson, the robbery victim, readily identified the appellant and McEwen from an eight photo spread.

Dorothy Franklin, a Marked Tree resident who testified at the trial that she gave two black males a ride from Marked Tree to Earle on the evening of the robbery, also identified the appellant from the photo spread as one of her passengers.

For reversal, the appellant raises three issues: first, the trial court erred in overruling the appellant's objection to the prosecution's closing argument; second, the trial court should have suppressed the pretrial photo identification and the in-court identification of the appellant; and third, the appellant should have been provided a transcript, without cost, of the pretrial

hearing on a motion to suppress the identification. All three of the issues advanced are without merit.

During the closing argument for the state, the prosecuting attorney stated:

> Let me clear something up at the very onset here, ladies and gentlemen. Both defense lawyers talked about the witnesses who weren't here. Ladies and gentlemen of the jury, the defense has subpoena power just like the state does. If they wanted those people here, they could have subpoeaned them. They did not do so . . . .

The appellant objected to the statement on the basis that the defendant does not have to prove his innocence. The objection was overruled, and the appellant made no further motion or request for relief in the nature of a request for a mistrial, a striking of the statement, or a limiting instruction. In the absence of a proper request for, and a denial of, specific relief sought by appellant, we decline to hold that the ruling of the trial court to the appellant's general objection was reversible error. *See Jurney* v. *State*, 298 Ark. 91, 766 S.W.2d 61 (1989). The appellant now also argues for the first time that the remark of the prosecuting attorney amounts to a comment on the failure of the defendant to testify in his own behalf. That objection was not raised at trial and will not be considered for the first time on appeal. *Segerstrom* v. *State*, 301 Ark. 314, 783 S.W.2d 847 (1990).

The appellant contends that the identification by the witnesses from the photo spread furnished to them by the police was invalid and should have been suppressed. It is argued that the procedure was unduly suggestive. A pretrial motion to suppress was fully considered and overruled by the trial court.

The established criteria for determining reliability of such identification requires a consideration of: (1) the opportunity of the witness to view the accused at the time in question; (2) the degree of attention by the witness; (3) the degree of accuracy of the witness's prior description of the accused; (4) the level of certainty demonstrated by witness; and (5) the length of time between the crime and confrontation. *Manson* v. *Brathwaite*, 432 U.S. 98 (1977); *Maulding* v. *State*, 296 Ark. 328, 757 S.W.2d

916 (1988).

A review of the photo-spread indicates that the photos are closely matched in general appearance. The record reflects that Dorothy Franklin gave the appellant a ride from Marked Tree to Earle on the date of the crime and had ample opportunity to view him and later to identify him both in person and from the photographs. Four months after the crime, the store clerk was called upon to view the photographs, and she almost immediately identified the appellant. She further testified that she had ample opportunity to view the appellant clearly in order to identify him as the person who pointed the gun at her in the store at the time of the robbery. There is no indication from the record that any degree of suggestion was employed to encourage the witness to select the appellant from the photo spread. To the contrary, the evidence of certainty of identification appears overwhelming.

The remaining point for reversal argued by the appellant arises from a denial by the trial court of the appellant's request, prior to trial, for a free transcript of the hearing on the motion to suppress. Counsel for the appellant noted only that the transcript was needed in order "to cross-examine the witnesses." The stated reason is an insufficient basis for requiring that the transcript be furnished. *Graham* v. *State*, 296 Ark. 400, 757 S.W.2d 538 (1988); *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

Affirmed.