Stephen J. PHILLIPS *v.* STATE of Arkansas

CR 90-301                                  803 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered February 25, 1991
[Supplemental Opinion on Denial of Rehearing April 1, 1991.]

*E. Kent Hirsch*, for appellant.

, *Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Stephen J. Phillips, on October 25, 1989, was convicted of DWI, first offense, and two counts of manslaughter. For the DWI conviction he was fined $250.00, his license was suspended for 120 days, he was required to go to DWI school, and he received a six month suspended sentence. For each manslaughter conviction appellant was sentenced to serve three years in the Arkansas Department of Correction, the terms to be run consecutively, and was fined $10,000.00. In this appeal, he raises five points for reversal. We find no error and affirm.

On June 28, 1987, appellant was driving and had a head-on collision with another car. Two passengers in the other car were killed. That same day he was charged with DWI, a violation of Ark. Code Ann. § 5-65-103 (1987). On September 30, 1987, he was convicted of that charge in municipal court and thereafter appealed it to circuit court. On the day appellant was convicted for DWI he was charged with two counts of manslaughter for the deaths of the passengers in the other car. A jury trial was held October 25, 1989, and ended in the aforementioned convictions. It is from the judgment of conviction that this appeal comes.

Appellant asserts the trial court failed to advise him, as required by Ark. R. Crim. P. 36.4, that if he wished to raise claims of ineffectiveness of counsel he must file a motion for a new trial within thirty days stating such ineffectiveness as grounds. He contends that, because of the trial court's failure, his sentence was illegally imposed, requiring that it be remanded for proper sentencing or dismissed. Under the circumstances here we cannot agree.

The relevant part of Ark. R. Crim. P. 36.4 is as follows:

> The trial judge must address the defendant personally and advise the defendant that if the defendant wishes to assert that his or her counsel was ineffective a motion for a

new trial stating ineffectiveness of counsel as a ground must be filed within thirty (30) days from the date of pronouncement of sentence and entry of judgment.

Appellant was convicted of the manslaughter charges on October 25, 1989. On November 3, 1989, the trial court imposed sentence and advised appellant of his right to appeal. On November 15, 1989, his trial attorney, the second of three attorneys who represented him during the course of this case, filed the notice of appeal. On December 1, 1989, a notice of employment of substitute counsel was filed along with a motion for either an arrest of judgment or a new trial, or, in the alternative, to correct an illegally imposed sentence. The trial court's failure to advise appellant according to Rule 36.4 was asserted as the only ground for the requested post-conviction relief.

██ Appellant argues that he was prejudiced by the trial court's failure to correctly advise him of his right to raise a claim of ineffectiveness of counsel in that his trial counsel should have filed a motion for a speedy trial. We fail to see that he was prejudiced. In *Preston* v. *State*, 303 Ark. 106, 792 S.W.2d 599 (1990), we stated that where the trial court failed to advise Preston personally of the necessity of asserting ineffective assistance of counsel within thirty days, no prejudice resulted from the trial court's noncompliance with Rule 36.4. Here, appellant's knowledge of the action required for seeking such post-conviction relief is evidenced by the motion for new trial he filed on December 1 and the very basis for that motion. Nevertheless, appellant failed to include in his motion any specific allegations of ineffectiveness of counsel, such as the failure to file a motion for a speedy trial. Because appellant failed to assert his claims for ineffective assistance of counsel in his motion, he waived any such argument. *Cozad* v. *State*, 303 Ark. 137, 792 S.W.2d 606 (1990).

Appellant contends the circuit court improperly entered judgment and sentence for DWI in that neither was there a jury verdict on that charge nor did he personally plead guilty to it.

Appellant's attorney, on October 25, 1989, before the jury was selected, approached the bench and stated, "[c]omes now the defendant, Stephen Phillips, and stipulates that he was .12 blood alcohol content by blood test and stipulates that the Court may use that evidence to find him guilty charging him DWI first

offense." The proceedings continued with the trial court's telling the jury panel that the trial that day was for two separate counts of manslaughter. After reading the jury verdicts for the manslaughter charges and postponing formal sentencing on those, the court said:

As to the misdemeanor charge, the defendant had previously entered a plea of guilty. The Court adjudges him guilty of Driving While Intoxicated. He'll be fined the sum of $250 together with costs. That will be paid within 60 days. His license to drive will be suspended for 120 days. He'll be required to go to DWI school. He will receive a six month sentence, suspended sentence, on that charge.

■ The trial court imposed judgment and sentence for the DWI charge on a plea of guilty. Appellant did not object to the trial court's action at that time of sentencing, but, in his motion for new trial, he did state that his sentence was illegal. However, the record fails to reflect the trial court ruled on this issue so as to preserve it on appeal.[1]

Clearly, the trial court had jurisdiction to accept guilty pleas to DWI charges and to impose the type sentence it did in this case. *See* Omnibus DWI Act, [Ark. Code Ann. §§ 5-65-104(a)(4), 111(a), 112, 113(a), and 115(a) (1987 & Supp. 1989)].

■ Appellant in his other three points argues the trial court erred by imposing sentence on the DWI conviction before receiving a presentencing report, by removing the determination of the amount of restitution from the jury, and by not ordering a specific dollar amount of restitution. We must summarily dispose of each of these points because appellant failed to object or raise these arguments below. *See Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990).

Affirmed.

---

[1] Although we cannot consider whether or not appellant's sentence was illegally imposed, we note that Ark. Code Ann. § 16-90-111(b) (Supp. 1989) provides the court may reduce a sentence within 120 days after the sentence is imposed *or* within 120 after the receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. (Emphasis supplied.) *See State* v. *Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990).

Affirmed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
APRIL 1, 1991

*Donald J. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant files a petition for rehearing stating that, after he filed his brief on appeal, the United States Supreme Court decided *Grady* v. *Corbin*, ___ U.S. ___, 110 S. Ct. 2084 (1990). In *Grady* the Court held that "[t]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Appellant contends that under the authority of *Shea* v. *Louisiana*, 470 U.S. 51 (1985), the ruling in *Grady* should be applied retroactively. In *Shea*, the petitioner raised the relevant issue in his direct appeal to the Supreme Court of Louisiana. However, in the case at bar, appellant first raises the *Grady* issue in this petition for rehearing.

It is well established that where an argument is not presented below, it will not be considered on appeal. *Smith* v. *State*, 302 Ark. 459, 790 S.W.2d 435 (1990); *Hamm* v. *State*, 301 Ark. 154, 782 S.W.2d 577 (1990); *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). Additionally, issues not argued on appeal are considered abandoned. *Fink* v. *State*, 280 Ark. 281, 658 S.W.2d 359 (1983). A review of the record reveals that appellant made no double jeopardy argument either at trial or in

his brief on appeal. Although *Grady* was decided during the time appellant's direct appeal to this court was pending, in order to argue the *Grady* issue now, he is required to have argued it below.

Petition denied.