Bruce Edward LEAKS *v.* STATE of Arkansas

CA CR 98-663 990 S.W.2d 564

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered May 12, 1999

*Jim Pedigo*, Public Defender Office, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Bruce Edward Leaks was convicted in a jury trial of first-degree murder and was sentenced to forty years in the Arkansas Department of Correction. On appeal, he argues that the trial court abused its discretion in limiting his cross-examination of a State's witness, and that the trial court erred in allowing the prosecutor to argue to the jury that he could have been charged with capital murder. We find no reversible error, and affirm.

Appellant does not challenge the sufficiency of the evidence; however, a recitation of the facts is necessary for an understanding of our decision and the arguments on appeal. Appellant was convicted of the shooting death of William Littlejohn. Appellant admitted to shooting the victim but contended that he did so because he feared for his life. The victim, appellant's former roommate, was living with appellant's brother at the time of the incident. On the night of January 7, 1997, appellant went to his brother's home to confront the victim about money that the victim owed him and about the victim allowing several women to wash their clothes at the house while his brother was away. Appellant testified that he had been drinking on the day of the incident. He further testified that he had taken a gun with him because the victim had previously assaulted him and cut him with a razor blade. Appellant claimed that he only intended to talk to the victim, and that he shot him because he thought the victim was reaching into his pocket for a weapon. Appellant testified that he did not mean to kill the victim.

Appellant left the house immediately after the shooting. Appellant's nephew, who had been in a back bedroom, testified that the victim came into his bedroom and told him that appellant

had shot him. Although appellant initially denied any knowledge of the shooting to the police, he later admitted that he had shot the victim after the police recovered the gun involved in the shooting from a car owned by appellant's girlfriend. The coroner determined that a single gunshot wound to the chest caused the victim's death. The jury was given instructions on the elements of first and second-degree murder.

Appellant first argues that the trial court erred in limiting his cross-examination of a State's witness, Bennie Smith, about her relationship with another State's witness, George Cheatham. Smith testified that she had been given permission by the victim to do laundry at the house on the night of the shooting, but had left prior to appellant's arrival. She also testified that at one time she had heard appellant say that his girlfriend had cut him. Smith had also testified on direct examination that she had dated Cheatham.

On cross-examination, Smith stated that "I guess I have a problem with George Cheatham." When appellant's counsel asked her what the problem was, the State objected based on relevancy. Appellant's counsel argued that the question went to Smith's credibility; the trial court sustained the State's objection.

Appellant contends that the trial court abused its discretion in not allowing a complete cross-examination of Smith, thereby denying the jurors potentially vital information regarding her credibility and potential bias. However, we are precluded from addressing the merits of this issue because appellant failed to proffer the excluded testimony.

 Evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court, and rulings in this regard will not be reversed absent an abuse of discretion. *Harris v. State*, 322 Ark. 167, 907 S.W.2d 729 (1995). In order to challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so that we can review the decision, unless the substance of the evidence is apparent from the context. Ark. R. Evid. 103(a)(2); *Tauber v. State*, 324 Ark. 47, 919 S.W.2d 196 (1996); *Davis v. State*, 319 Ark. 460, 892 S.W.2d 472 (1995). The failure to proffer evidence so this court can determine if prejudice results from its exclusion precludes review of the evidence

on appeal. *Jackson v. State*, 284 Ark. 478, 683 S.W.2d 606 (1985); *Willett v. State*, 18 Ark. App. 125, 712 S.W.2d 925 (1986).

■ In the instant case, the trial court precluded appellant's cross-examination of Smith about her relationship with George Cheatham based on the prosecutor's objection to the line of questioning as irrelevant. Although appellant contends that the trial court's exclusion of the testimony was erroneous, he did not proffer the excluded testimony, nor is its substance apparent from the context of the question posed to Smith. Absent a proffer of the expected testimony, this court cannot find an abuse of discretion by the trial court. *Willett v. State, supra*. Consequently, we cannot determine if prejudice results from its exclusion. *Jackson v. State, supra*.

Appellant next argues that the trial court erred in overruling his objection to remarks made by the prosecutor during closing arguments. Appellant contends that it was improper for the prosecutor to include anything in his closing arguments except the evidence in the case and deducible conclusions that may be made from the law applicable to a case. During the prosecutor's closing, the following argument and objection occurred:

> STATE: . . . Mr. Leaks, he's a lucky man. He's already been given a break when he wasn't charged with the premeditated killing of Mr. Littlejohn. If you kill somebody with a premeditated and deliberated purpose of doing so, if you think about it and plan on it and deliberate on it, that's one of the differences between murder in the first degree and capital murder. But, the decision was made right or wrong not to charge him with capital murder and not to seek the death penalty. We charged him with murder in the first degree. So, he has already been given a break in that regard.

> DEFENSE COUNSEL: I'm going to have object to that line of argument. He's arguing that this is a capital murder case and through the good graces of the Prosecuting Attorney's Office, they have not charged him with that, that's highly improper.

> STATE: Judge, he was arguing and representing in his opening comments that the defendant ought to be charged with, that he ought to be convicted of murder in the second degree. He's asking the jury or representing to the jury that they ought to give

him a break. I'm telling the jury now that after the evidence has been presented which the evidence justifies not giving him any more breaks.

COURT: Objection overruled.

After the jury retired, appellant made a motion for mistrial based on the prosecutor's remarks. The prosecutor responded that the motion was untimely, and the trial court denied the motion without further comment.

■ ■ A trial court is given broad discretion in controlling counsel in closing arguments, and we do not disturb the trial court's decision absent a manifest abuse of discretion. *Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998). Indeed, remarks that are so prejudicial as to mandate a reversal are rare and require an appeal to the jurors' passions. *Id.* The jury is presumed to follow the court's instructions. *Logan v. State*, 300 Ark. 35, 776 S.W.2d 341 (1989); *Dunlap v. State*, 292 Ark. 51, 728 S.W.2d 155 (1987); *Hill v. State*, 275 Ark. 71, 628 S.W.2d 284 (1982).

We affirm the trial court's ruling based on procedural errors as discussed below. Moreover, we conclude that the evidence of guilt is so overwhelming that any error, although not sanctioned by this court, is harmless in the context of this case.

■ Here, appellant failed to request any further relief when his objection was overruled, and he failed to move for a mistrial until after the jury had retired. It has repeatedly been held that motions for mistrial must be made at the first opportunity. *Smith v. State*, 330 Ark. 50, 953 S.W.2d 870 (1997); *Esmeyer v. State*, 325 Ark. 491, 930 S.W.2d 302 (1996); *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996); *Johnson v. State*, 325 Ark. 197, 926 S.W.2d 837 (1996); *Dixon v. State*, 310 Ark. 460, 839 S.W.2d 173 (1992).

■ ■ These holdings are squarely based on settled law that for the trial court to have committed reversible error, timely and accurate objections must have been made so that the trial court could be provided with the opportunity to correct such error. *See e.g., Wallace v. State*, 53 Ark. App. 199, 920 S.W.2d 864 (1996). Errors arising from improper argument are frequently curable by

admonition to the jury, and the trial court should have recourse to this option because his presence in the courtroom puts him in a superior position to evaluate the degree of prejudice that might arise from the improper argument, and because of the enormous waste of judicial resources which must inevitably result from declaring a mistrial when a case is all but concluded.

In *Smith v. State*, 302 Ark. 459, 790 S.W.2d 435 (1990), the supreme court refused to find reversible error when the prosecutor during closing argument made reference to witnesses who did not testify at the trial. The court held:

> The appellant objected to the statement on the basis that the defendant does not have to prove his innocence. The objection was overruled, and the appellant made no further motion or request for relief in the nature of a request for a mistrial, a striking of the statement, or a limiting instruction. In the absence of a proper request for, and a denial of, specific relief sought by appellant, we decline to hold that the ruling of the trial court to the appellant's general objection was reversible error. The appellant now also argues for the first time that the remark of the prosecuting attorney amounts to a comment on the failure of the defendant to testify in his own behalf. That objection was not raised at trial and will not be considered for the first time on appeal.

302 Ark. at 461, 790 S.W.2d at 436-37.

█ In the present case, the trial court was not afforded the opportunity to correct the error and, under the clear holdings of the Arkansas Supreme Court, the present argument was thereby waived. *See, Smith v. State*, 302 Ark. 459, 790 S.W.2d 435 (1990); *Butler Mfg. Co. v. Hughes*, 292 Ark. 198, 792 S.W.2d 142 (1987).

The dissent believes that the statement by the prosecutor was so prejudicial that a new trial is mandated, and concludes that it was not necessary for appellant to request further relief once his objection was overruled; the simple answer is that this is not the law. In *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995), the court stated the following:

> It does not appear that any such appeal for an emotional or passionate response was made in this case. Further, it is difficult to fathom how the prosecutor's remarks in any way prejudiced

Mills's case. *And, lastly, defense counsel made no request for relief following his objection.* There was no error by the trial court in overruling the objection.

322 Ark. at 663, 910 S.W.2d at 691 (emphasis added). The court in *Mills* did not state that the holding was based on the premise that Mills did not have to request any further relief once his objection was overruled.

■ Although it is perhaps laudable and progressive for the dissent to have recourse to law journal articles as it attempts to change and improve the law, the changes it would make in this case involve the regulation of trial practice by attorneys and are contrary to the clear holdings of the Arkansas Supreme Court. *See Jordan v. State*, 323 Ark. 628, 917 S.W.2d 164 (1996); *Mills v. State, supra; Littlepage v. State*, 314 S.W.2d 361, 863 S.W.2d 276 (1993); *Smith v. State*, 302 Ark. 459, 790 S.W.2d 435 (1990). The ramifications of following the dissent's rationale in terms of wasted judicial resources are significant, and we cannot overrule precedent handed down by the supreme court. *Conway v. State*, 62 Ark. App. 125, 969 Ark. 669 (1998). Certainly, the supreme court should be the arbiter of these fine distinctions that affect the uniform administration of the courts and the practice of law.

■ Furthermore, appellant was convicted of first-degree murder and sentenced as an *habitual offender* for that offense pursuant to Arkansas Code Annotated § 5-4-501(a) (Repl. 1997). He was, therefore, not sentenced to the maximum time he could have received for the crime of which he was convicted, and consequently cannot show that he was prejudiced by the prosecutor's remarks in that regard.

■ Finally, appellant admitted to seeking out and confronting the victim while he was armed with a loaded weapon. Appellant admitted to shooting the victim with the .38 caliber handgun, and the victim died from the single gunshot wound to the chest. Also, the trial court's instructions made clear the elements of the charged offense and that counsel's arguments were not evidence. Thus, while we do not condone the remarks of the prosecutor, ultimately appellant's conviction must be affirmed because under the facts in the case at bar any error was harmless

due to the overwhelming evidence of guilt. *See, e.g., Efrud v. State,* 334 Ark. 596, 976 S.W.2d 928 (1998); *Esmeyer v. State, supra; Bradley v. State,* 320 Ark. 100, 896 S.W.2d 425 (1995).

PITTMAN, J., agrees.

CRABTREE, J., concurs.

ROAF, HART, and NEAL, JJ., dissent.

TERRY CRABTREE, Judge, concurring. I would affirm this case but on different grounds than would the majority. In my opinion, the evidence was so overwhelming as to make the improper remark by the prosecutor harmless error.

I agree that the prosecutor's remarks in this case were improper. First, the prosecutor argued matters outside the record, and second, he suggested that the appellant was guilty of a greater offense than he was charged. However, I do not agree with the majority that the appellant was required to request an admonition after the court overruled his objection. In my opinion, further objection or a request for a curative instruction would have resulted in nothing more than to irritate the jurors or the court and would have served no other purpose.

The victim in this case, William O. Littlejohn, lived with the appellant's brother. The appellant went to his brother's home on the night of January 7, 1997, armed, with the intent to confront Littlejohn about money Littlejohn owed him and a rumor he heard that Littlejohn was letting several women wash their clothes at his brother's house. The appellant claimed he was afraid of the victim and only wanted to talk to him when he went to his brother's house and that appellant shot the victim when he thought the victim was reaching in his pocket for a weapon.

It is unfortunate that the prosecutor chose to make the reference to matters outside the record and, in another case, I may be persuaded to reverse. However, in this case, the trial court instructed the jury that comments by the attorneys were not evidence. Further, the evidence of guilt was so compelling, I am of the opinion that the comment was harmless error. We may affirm the trial court if the error was harmless when considered in the

context of the other evidence. *Baker v. State*, 334 Ark. 330, 974 S.W.2d 474 (1998)

I would affirm.

A NDREE LAYTON ROAF, Judge, dissenting. I would reverse and remand this case. The two prevailing judges take issue with my reliance, in part, on a *UALR Law Journal* article in reaching the conclusion that the closing-argument issue is preserved for our review. However, unlike the two prevailing judges, I cannot so lightly dismiss solid scholarship in favor of a dubious and shaky holding from a single case, especially when the law review article makes good sense and the case does not. This issue is preserved, the prosecutor's remarks to Leaks's jury were both improper *and highly prejudicial,* and even at the risk of "wasting" a few judicial resources, I cast my vote to reverse and remand so that Leaks can get the fair trial to which he is entitled.

It is well settled that closing arguments must be confined to questions in issue, the evidence introduced, and all reasonable inferences and deductions that can be drawn therefrom. *Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996); *Williams v. State*, 259 Ark. 667, 535 S.W.2d 842 (1976). There can be no dispute that whether Leaks was guilty of capital murder was not a question in issue in this case.

Other jurisdictions have held that arguments similar to the one made by Leaks's prosecutor, whether made by the State or the accused, are highly improper, and so should we. In *Vines v. State*, 231 S.W.2d 332 (Tenn. 1950), the appellant's conviction for assault with intent to commit murder was reversed and remanded for new trial because the prosecutor suggested that appellant intended to rape the victim, when the case was prosecuted on the theory that his purpose was to commit a robbery. The trial court allowed the argument over the appellant's objection. In reversing, the Tennessee Supreme Court stated:

> We think the foregoing argument by the State's counsel justifies a reversal of this case. The defendant was not on trial for attempted rape. On the contrary, the State had put him to trial upon an indictment charging an assault to commit murder, the theory being that his purpose was robbery. The State's counsel

clearly asked the jury to give consideration to the theory of attempted rape, and not robbery, referring to the defendant as "this human fiend . . . ." The court should have admonished counsel that he had no way to argue a theory that was wholly foreign to the indictment in order to secure a conviction, and that the language used was highly improper. While it is the duty of the State's counsel to prosecute all offenders with the utmost vigor, he is never driven to the necessity of indulging in such intemperate language to influence a jury's decision." (Citation omitted.)

In *State v. Dickson*, 691 S.W.2d 334 (Mo. App. 1985), the Missouri Court Appeals, in affirming a conviction for capital murder, held that the trial court properly sustained the State's objection to appellant's closing arguments. After the State suggested in its closing that the appellant had a "sexual purpose" in the attack on the victim, appellant's counsel attempted to argue that the killing was a felony murder rather than capital murder. However, the jury was instructed only on capital murder, murder in the second degree and manslaughter. The court stated:

It is thus evident that if appellant's lawyer, at the time of the prosecutor's objection was intending to argue to the jury that a killing during an attempted rape would constitute "felony-murder," such an argument would have been outside of the instruction. While counsel may argue to facts as they pertain to the law declared in the instructions of the court, it is improper for counsel to argue questions of law not within the issues or inconsistent with the instructions of the court, or to present false issues. Whether appellant, on the evidence before the jury, was guilty of "felony-murder" was not an issue for the jury to decide. (Citation omitted.)

Finally, in *United States v. Quinn*, 467 F.2d 624 (1972), *cert. denied*, 410 U.S. 935 (1973), the Eighth Circuit Court of Appeals affirmed the appellant's conviction, rejecting his argument that it was error for the trial court to prohibit defense counsel from arguing that he should have been charged with another crime rather than the crime with which he was charged, stating:

The scope and extent of oral argument are within the sound discretion of the trial court and a new trial should not be granted

> unless it is clear that the court abused its discretion. It is well settled that the arguments of counsel must be confined to the issues of the case, the applicable law, pertinent evidence, and such legitimate inferences as may properly be drawn. (Citation omitted.)

It is clear that the prosecutor's argument to Leaks's jury was outside the charges and evidence in this case, and thus improper. Moreover, for the prosecutor to argue that Leaks could have been charged with capital murder and been given the death penalty was highly prejudicial. Two of the prevailing judges somehow conclude that Leaks was not prejudiced because he was an habitual offender, and did not receive the maximum sentence that he could have been given for first-degree murder. However, Leaks was sentenced as an habitual offender pursuant to Ark. Code Ann. § 5-4-501(a) (Repl. 1997), which provides for a sentence of ten to sixty years, or life, for first-degree murder, a Class Y felony, and five to thirty years for conviction of second-degree murder, a Class B felony. Thus, Leaks's sentence of forty years exceeded by ten years the maximum sentence he could have received for second-degree murder, *as an habitual offender.*

The majority also conclude that Leaks suffered no prejudice because there was overwhelming evidence of his guilt; they miss the point. Of course there was overwhelming evidence of his guilt, but of which crime? The trial court concluded that the evidence supported the lesser-included instruction on second-degree murder, because he gave the instruction. Leaks was entitled to a fair deliberation by the jury on the two offenses. What he got instead were deliberations skewed in favor of first-degree murder when the prosecutor, with the trial court's approval, unfairly and improperly planted the suggestion of a third and even more serious charge in the minds of the jurors.

Finally, Leaks's failure to request a mistrial until after the jury had retired is nothing more than a red herring, and should not preclude our review of this issue, because Leaks need not have requested the mistrial at all after the trial court overruled his objection. In this regard, the majority accepts the State's argument that *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995), provides authority to affirm Leaks's conviction without reaching

the merits of this issue. Although the trial court also overruled the defendant's objection to the prosecutor's closing argument in *Mills*, and afterwards, Mills failed to request any further relief, the supreme court, in affirming the conviction, stated:

> We have held that the trial court is given broad discretion to control counsel in closing arguments and this court does not interfere with that discretion absent a manifest abuse of it. Indeed, remarks made during closing arguments that require reversal are rare and require an appeal to the jurors' passions. *It does not appear that any such appeal for an emotional or passionate response was made in this case. Further, it is difficult to fathom how the prosecutor's remarks in any way prejudiced Mills' case. And, lastly, defense counsel made no request for relief following his objection. There was no error by the trial court in overruling the objection.* (Citation omitted and emphasis added.)

*Mills v. State*, 322 Ark. at 659. Thus, the holding in *Mills* does not hinge on the failure to request further relief after Mills's objection was overruled, because the supreme court determined that the trial court did not err in overruling the objection in the first instance.

The majority's further reliance on *Smith v. State*, 302 Ark. 459, 790 S.W.2d 435 (1990), to avoid reaching the merits of this issue also rests upon shaky ground. Indeed, the majority has very effectively demonstrated the problems that can later arise from less-than-careful use of precedent, as occurred in the *Smith* decision. In quoting from *Smith*, they may be aware of this because they have omitted the crucial citation to the single case the *Smith* court relied on; the pertinent language, with the citation intact, bears repeating:

> *The objection was overruled,* and the appellant made no further motion or request for relief in the nature of a request for a mistrial, a striking of the statement, or a limiting instruction. In the absence of a proper request for, and a denial of, specific relief sought by appellant, we decline to hold that the ruling of the trial court to the appellant's general objection was reversible error. See *Jurney v. State*, 298 Ark. 91, 766 S.W.2d 61 (1989). (Emphasis added.)

However, even a cursory reading of *Jurney* indicates that this case could not be more inapplicable to the facts presented in *Smith*, and to the instant case:

> Finally, the appellant argues that the victim should not have been allowed to testify about his prior violent acts. When asked if this was the first time the appellant had been violent to her and her husband, the victim said no, he had pulled a knife on her before and hurt his father several times. *An objection was sustained.*
>
> When asked why she left town shortly after the incident, the victim replied that she feared her son would get out of jail and hurt her and her husband. *Again, the objection was sustained.*
>
> *The appellant got the relief requested. Since he did not ask for either an admonition or a mistrial, we find no error. Daniels v. State*, 293 Ark. 422, 739 S.W.2d 135 (1987). (Emphasis added.)

The crucial distinction, fatal to the holding of *Smith*, is that in *Jurney*, the objection was sustained, while in *Smith* it was overruled.

Moreover, I am convinced that a most important authority, even for appellate judges — common sense — dictates that a defendant need not move for mistrial after an objection to the State's closing argument has been clearly overruled. In Sullivan, *Prosecutorial Misconduct in Closing Arguments in Arkansas Criminal Trials*, 20 UALR L.J. 213, 254 (1997), one legal scholar has stated that *Boyd v. State*, 318 Ark. 799, 889 S.W.2d 20 (1994), implicitly recognizes a two or three-step process in preserving error based on prosecutorial misconduct in closing arguments and, with regard to the requirement for a timely motion for mistrial in order to preserve the issue, concludes:

> Although, the supreme court does not appear to require an initial objection addressed to the trial court prior to the motion for mistrial, in most cases counsel will need to object to set in motion the full process of preservation. *If the trial court overrules the objection no further steps should be required of the defense counsel in terms of either the motion for mistrial or request for specific admonition to disregard precisely because the trial court has ruled that no misconduct has occurred. Consequently, curative action could hardly be rationally contemplated by a court that has rejected the defense challenge.* (Emphasis added.)

Here, the trial court clearly overruled Leaks's objection and no further steps should be required of Leaks after that ruling. The issue is preserved, and we should reverse and remand this case for new trial.

HART and NEAL, JJ., join.