Anthony WHITMILL, Petitioner–
Appellant,

v.

Bill ARMONTROUT, Respondent–
Appellee.

No. 93–3841.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1994.

Decided: Dec. 14, 1994.

Dennis James Campbell Owens, Kansas City, MO, argued, for appellant.

Joanne E. Beal, Jefferson City, MO, argued (Jeremiah W. (Jay) Nixon and Michael J. Spillane, on the brief), for appellee.

Before HANSEN, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Anthony Whitmill, a Missouri prisoner, appeals the district court's dismissal of his federal habeas corpus petition. We affirm.

## I. BACKGROUND

On the night of February 17, 1987, two brothers, Nivey and Theordis Mitchell, returned to their Kansas City home near the 2400 block of Forest Street, an area frequented by prostitutes. The brothers noticed two women known to be prostitutes soliciting business across the street from their home. The brothers approached the women and asked them to leave the area. The discussion degenerated into an argument, and a scuffle ensued in which one of

the women was pushed to the ground. She fled around the corner and returned with a male companion. As Nivey Mitchell approached them, the newcomer produced a handgun and shot Nivey twice. As Theordis turned to flee, the assailant shot him three times. The assailant then fled the scene in an automobile.

Following his identification by Nivey Mitchell in a police photo lineup, Anthony Whitmill was charged with the shootings. Whitmill was convicted in Missouri state court of two counts of first degree assault and two counts of armed criminal action in violation of Mo.Rev.Stat. §§ 565.050 and 571.015 (1986). After these convictions were overturned on direct appeal, Whitmill was retried.

While conducting voir dire for the retrial, Whitmill's attorney informed the potential jurors that Whitmill had previously been convicted on these charges. When questioned by the court, Whitmill stated that he was in agreement with this strategy. During the course of the second trial, Whitmill presented witnesses who testified that the assailant was an individual named Leon Gunn. Gunn, who had testified at the first trial, changed his testimony substantially during the second trial by confessing to the shootings. Nivey Mitchell, however, unequivocally identified Whitmill as the assailant.

The second jury convicted Whitmill of two counts of first degree assault and two counts of armed criminal action and recommended life imprisonment on each count. The court subsequently sentenced Whitmill to four consecutive life prison terms. Whitmill filed a petition for a writ of habeas corpus in federal district court, which was denied. This appeal follows.

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

Whitmill failed to raise his claim of ineffective assistance of trial counsel in his petition

before the district court. "The general rule, of course, is that federal appellate courts will not consider issues not raised in the district court." *Beavers v. Lockhart*, 755 F.2d 657, 662 (8th Cir.1985). A limited exception has been carved out for rare cases " 'where injustice might otherwise result.' " *Id.* (quoting *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)). However, because Whitmill also failed to raise this claim in the state court proceedings, he also faces the larger hurdle of overcoming the procedural bar.[1] "Lest we walk too far into this hall of mirrors, . . ." we now consider the issue of procedural bar. *Jones v. Jerrison*, 20 F.3d 849, 856 (8th Cir.1994).

■ Whitmill's claim is procedurally defaulted due to his failure to exhaust his state remedies by presenting his claim at the state court level unless he can demonstrate either: 1) cause for the default and actual prejudice from the alleged violation of federal law; or 2) demonstrate that failure to consider his claim would result in a fundamental miscarriage of justice. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977); *Kennedy*, 959 F.2d at 115. We conclude that Whitmill can show neither cause and prejudice, nor meet the actual innocence exception. As a result, we conclude that Whitmill's claim of ineffective assistance of counsel is procedurally barred.

### 1. Cause and Prejudice

■ Whitmill asserts ineffective assistance of appellate counsel as cause to excuse his procedural default. He has, however, failed to prove that his appellate counsel was, in fact, ineffective. The mere failure of appellate counsel to brief every conceivable issue for appeal does not render appellate counsel ineffective. *See Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).

---

1. Whitmill's claim faces still another hurdle; his claim is barred as an abuse of the writ due to his failure to present it in his original habeas petition at the district court level unless he can show " 'a good enough reason why th[e] issue was not presented before.' " *Kennedy v. Delo*, 959 F.2d 112, 117 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 168, 121 L.Ed.2d 116 (1992) (quoting *Simmons v. Lockhart*, 856 F.2d 1144, 1146 (8th Cir.1988)). Because of our holding, we need not address this additional procedural dilemma.

■ Assuming for the sake of argument that appellate counsel was ineffective, Whitmill's claim remains barred nonetheless because ineffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument "as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument." *McKinnon v. Lockhart,* 921 F.2d 830, 832 (8th Cir.1990), *cert. denied,* 501 U.S. 1208, 111 S.Ct. 2805, 115 L.Ed.2d 978 (1991). Because Whitmill never challenged the effectiveness of his appellate counsel in a motion to recall the mandate, that claim cannot serve as cause to excuse his procedural default. *Scroggins v. Lockhart,* 934 F.2d 972, 975 (8th Cir.1991) (a claim of ineffectiveness of appellate counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default). We conclude that Whitmill has failed to show sufficient cause and prejudice to lift the procedural bar.

**2. Actual Innocence**

■ Whitmill also asserts the fundamental miscarriage of justice or actual innocence exception to lift the procedural bar. The actual innocence exception is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993). The actual innocence exception applies when " 'the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted.' " *Whitmore v. Avery,* 26 F.3d 1426, 1429 (8th Cir. 1994) (quoting *Wallace v. Lockhart,* 12 F.3d 823, 827 (8th Cir.1994)). Because the question is one of actual as opposed to legal innocence, this determination must be made "in light of all the available evidence, including that alleged to have been illegally admit-

ted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial...." *Kuhlmann v. Wilson,* 477 U.S. 436, 454–55 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986).

The constitutional violations alleged by Whitmill are the denial of a jury composed of a fair cross-section of the community and ineffective assistance of trial counsel, both in violation of the Sixth Amendment.[2] *See Taylor v. Louisiana,* 419 U.S. 522, 530, 95 S.Ct. 692, 697–98, 42 L.Ed.2d 690 (1975); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Whitmill alleges two primary trial errors, trial counsel's disclosure of Whitmill's previous conviction to the jury during voir dire and his failure to investigate and procure additional alibi witnesses.

■ Because the question is one of factual rather than legal innocence, we determine actual innocence "in light of all the available evidence...." *Kuhlmann,* 477 U.S. at 454–55 n. 17, 106 S.Ct. at 2627–28 n. 17. Whitmill, however, has offered no newly-discovered or wrongfully-excluded evidence to support his claim of actual innocence. He instead asserts that the previously-mentioned constitutional violations create a strong likelihood of his actual innocence. But Whitmill fails to prove that, if not for these alleged constitutional violations, no reasonable juror could have convicted him. The record is replete with other evidence that would allow a reasonable juror to convict Whitmill, most notably, Nivey Mitchell's identification of Whitmill as the man who shot him and his brother. Because Whitmill has offered no additional evidence of his innocence that was not already before the jury at trial, we cannot find by clear and convincing evidence that but for these constitutional errors, no reasonable juror would have found him guilty when, in fact, a jury assessed the existing

---

**2.** "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed ... and to have the Assistance of Counsel for his defence."

evidence and found him guilty. *Jones v. Jerrison*, 20 F.3d 849, 856–57 (8th Cir.1994).[3]

### B. Motion for Continuance

 Whitmill argues that the district court erred by denying his petition for habeas relief based on the trial court's denial of his motion for a continuance. On the day before the trial, Whitmill learned that the prosecution had failed to divulge the names of two additional potential witnesses. Habeas relief for the trial court's decision to deny a continuance is available only where the petitioner can show that the denial of the motion "was so egregious that it was fundamentally unfair." *Wade v. Armontrout*, 798 F.2d 304, 307 (8th Cir.1986). We do not believe Whitmill has met that burden. The proffered testimony of the newly-discovered witnesses was, at best, cumulative. Neither of the two individuals had witnessed the shooting, but rather, were prepared to testify that they believed Gunn to be responsible for the shooting. We conclude that the denial of Whitmill's motion for a continuance did not render the trial fundamentally unfair.

### III. CONCLUSION

Aside from the valid procedural bars set forth in this opinion, it appears that Whitmill's complaint regarding defense counsel's disclosure of his prior conviction, a potentially debatable issue, was waived when it was specifically concurred on by him after questioning by the court. Furthermore, Gunn's confession to the same crime was submitted to the jury. The jury did not believe Gunn, and again convicted Whitmill of the crime charged; and, in his post-conviction proceedings, Whitmill has presented no substantial evidence bearing on his claimed innocence. There is nothing in the record of what happened to Gunn despite his confession, which at this point appears to have been a ploy to confuse the jury. The jury, however, was apparently not confused and found Whitmill

guilty. Accordingly, the decision of the district court is affirmed.

---

3. In addition to his claim of ineffective assistance of counsel, Whitmill asserts several other claims which he also failed to present at the state level. We need not address the merits of these claims; for the reasons previously enumerated, Whitmill can show neither cause and prejudice, nor meet the actual innocence exception, and we conclude that they too are procedurally barred.