_____

No. 95-1290
_____

Bernard Wayne Williams,        *
                               *
          Appellant,           *
                               * Appeal from the United States
     v.                        * District Court for the
                               * Western District of Missouri.
Michael Groose; Missouri       *        [UNPUBLISHED]
Attorney General,              *
                               *
          Appellees.           *


_____

             Submitted:  January 5, 1996

               Filed:  January 26, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____


PER CURIAM.


     Missouri inmate Bernard Williams appeals the district court's[1]
denial of his 28 U.S.C. § 2254 petition.  We affirm.


     After a jury trial, Williams was found guilty of forcible
rape, forcible sodomy, and stealing more than $150.  On direct
appeal, Williams complained of ambiguity in the sentence, his
classification as a class X offender, and the denial of his motion
for a mistrial.  The court clarified the sentence and affirmed the
conviction.  Williams's state post-conviction motion and motion to
recall the mandate were unsuccessful.


_____

     [1]The Honorable Joseph E. Stevens, Jr., United States District
Court for the Western District of Missouri.

Williams filed this federal habeas petition, alleging that his return to Missouri after his arrest in Kansas was without any lawful authority, and that the trial court erred in overruling defense counsel's motion to suppress evidence and statements, because the police officers arrested Williams without probable cause. As cause for his failure to raise these claims on direct appeal, Williams alleged his appellate counsel was ineffective. The district court denied Williams's habeas petition, concluding that Williams's claims were procedurally barred, that his appellate counsel was not constitutionally ineffective for electing to raise on appeal only those claims she found most likely to be successful, and that Williams had not shown "actual innocence."

Williams renews his arguments on appeal and additionally argues he should not have been found guilty because a laboratory report revealed that blood, saliva, and hair samples did not match those of Williams, and his trial counsel was ineffective for not introducing this report into evidence.

Initially, we note Williams's claim that his trial counsel was ineffective in failing to present the laboratory report into evidence is unreviewable, as Williams raises this issue for the first time on appeal. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995). We agree with the district court that Williams's remaining claims were procedurally barred. See Whitmill v. Armontrout, 42 F.3d 1154, 1156 (8th Cir. 1994) (failure to exhaust state remedies by presenting claims to state court results in procedural bar unless petitioner demonstrates cause and prejudice or fundamental miscarriage of justice), cert. denied, 116 S. Ct. 249 (1995). We also agree with the district court that Williams's appellate counsel was not constitutionally ineffective for failing to raise every ground Williams requested. See Smith v. Murray, 477 U.S. 527, 536 (1986). Finally, we do not believe that failure to consider these claims would result in a fundamental miscarriage of justice, as there was sufficient other evidence of

Williams's guilt.  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.