# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2149
_____

| | |
|---|---|
| John King, Jr., | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Michael Bowersox, | * |
| | * |
| Appellee. | * |

_____

Submitted: April 15, 2002

Filed: May 30, 2002
_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

John King, Jr. appeals from the district court's[1] denial of his 28 U.S.C. § 2254 petition. We affirm.

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

# I.

King was tried before a Missouri state court jury on two counts of first degree murder, one count of first degree assault, and three counts of armed criminal action arising out of the killing of two fourteen-year-old boys and the wounding of a thirteen-year-old boy in drive-by shootings. After closing arguments, the family of one of the victims placed a large photo of one of the decedents in the hallway, along with a smaller snapshot and a stack of "In Memory" leaflets. King's counsel moved for a mistrial based on interference with the jury. The trial court denied the motion, and the jury returned a guilty verdict on all counts. King received a sentence of two consecutive terms of life imprisonment without the possibility of parole and four concurrent terms of life imprisonment.

Following the denial of his post-trial motion for new trial and his motion for post-conviction relief, King filed a consolidated appeal with the Missouri Court of Appeals. In its decision affirming King's conviction, that court held as follows with respect to the claim of jury interference:

> The defendant argues in his first point that the court erred in not granting a mistrial when it appeared that a photograph of one of the victims, together with memorial effects, had been placed across the hall from the entrance to the jury room. He made no attempt to supplement the motion by evidence such as the testimony of jurors or deputies having charge of the jury. There is no showing that any juror paid any attention to, or even saw, the display. The display did not refer in any way to the defendant, and it cannot be assumed that sympathy for the victim would make a verdict of guilty against the particular defendant more likely unless the state satisfies the jury that it has met its burden of proving guilt beyond a reasonable doubt. The record is entirely too fragmentary to support the relief the defendant now seeks.

Missouri v. King, Memorandum Supplementing Order, Mar. 3, 1998 (Mo. Ct. App. 1998).

King filed a petition for habeas corpus relief in the district court under 28 U.S.C. § 2254. On the issue of the hallway photograph display, the district court held that the factual findings of the Missouri Court of Appeals were entitled to a presumption of correctness and that "[p]etitioner has not presented the Court with clear and convincing evidence to overcome this presumption of correctness." King v. Bowersox, D. Ct. Order of Mar. 20, 2001, at 5 (E.D. Mo.). The district court denied the petition, but granted a certificate of appealability on the issue of whether King's constitutional rights were violated when the trial court refused to declare a mistrial after the discovery of the hallway photographs. Id. at 10.

## II.

"When reviewing the denial of a § 2254 habeas petition, we review the district court's factual findings for clear error and its legal conclusions de novo. 'We apply a presumption of correctness to the state court's findings of fact.'" Carpenter v. Lock, 257 F.3d 775, 778 (8th Cir. 2001) (quoting Simmons v. Bowersox, 235 F.3d 1124, 1130 (8th Cir. 2001)) (internal citation omitted); 28 U.S.C. § 2254(e)(1). Although King argues that the district court erred in according a presumption of correctness to the findings of the Missouri Court of Appeals because that court was not the trial court, the § 2254(e)(1) presumption of correctness "applies to factual determinations made by state courts, whether the court be a trial court or an appellate court. The statute 'makes no distinction between the factual determinations of a state trial court and those of a state appellate court.'" Jones v. Jones, 938 F.2d 838, 842 (8th Cir. 1991) (quoting Sumner v. Mata, 449 U.S. 539, 546-47 (1981)) (internal citation omitted). See also Weaver v. Bowersox, 241 F.3d 1024, 1031 (8th Cir. 2001) (citing Jones v. Jones and Sumner v. Mata). The Missouri Court of Appeals' finding that the evidence did not support the conclusion that "any juror paid any attention to, or even saw, the display" has not been rebutted by any evidence, to say nothing of clear and convincing evidence. Accordingly, the district court did not err in according it its presumptive effect.

"A state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court only through a showing that the state court's decision was either (1) contrary to, or (2) an unreasonable application of, clearly established law as determined by the Supreme Court." Siers v. Weber, 259 F.3d 969, 972 (8th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 404-05 (2000)).

King argues that he is entitled to habeas relief because the trial court erred in refusing to hold a hearing to investigate his claims of juror interference, citing Remmer v. United States for the proposition that it is presumptively prejudicial to expose the jury to factual evidence not presented at trial. 347 U.S. 227, 229 (1954). In Remmer, the Supreme Court ordered a federal district court to hold a hearing to determine whether a complained-of instance of juror interference was harmful to the defendant in a case in which someone had offered a bribe to a member of the jury. Whether Remmer's presumption that prejudice results from any outside influence on the jury survives the Court's subsequent holdings in Smith v. Phillips, 455 U.S. 209 (1982), and United States v. Olano, 507 U.S. 725 (1993), see United States v. Sylvester, 143 F.3d 923, 933-34 (5th Cir. 1998); United States v. Williams-Davis, 90 F.3d 490, 495-97 (D.C. Cir. 1996), is a question we need not decide, for in the absence of any showing that the jury saw or was even aware of the hallway display, there was no duty of the state trial court to conduct an inquiry into the matter.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.