# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3012

_____

Steven Earl Frasier,                    *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Northern District of Iowa.
Herbert Maschner, Warden,               *
                                        *
            Appellee.                   *

_____

Submitted: February 14, 2002

Filed: September 25, 2002

_____

Before LOKEN, and RILEY, Circuit Judges, and KORNMANN,[1] District Judge.

_____

RILEY, Circuit Judge.

Steven Earl Frasier (Frasier) appeals the district court's[2] order denying his petition for habeas corpus relief under 28 U.S.C. § 2254. On February 18, 1987, a jury convicted Frasier of murder in the first degree and burglary in the first degree.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

An Iowa state court sentenced Frasier to life imprisonment without the possibility of parole. The district court denied habeas relief finding, <u>inter</u> <u>alia</u>, Frasier had procedurally defaulted his due process claim and failed to prove ineffective assistance of counsel.

## I.    BACKGROUND

On Sunday, August 31, 1986, Frasier, along with James Simpson (Simpson) and Simon Tunstall (Tunstall), went to the home of Christine Buddi. After entering the apartment, an altercation ensued and Frasier shot Jeffrey Jones (Jones) three times, ultimately causing his death. At trial Frasier claimed that upon entering the apartment Jones attacked him, and he shot Jones in self-defense. Frasier and his co-defendants, Tunstall and Simpson, were charged with murder and burglary.

During the trial a local newspaper published an article containing information about the trial. The article mentioned the trial court's rejection of Simpson's plea agreement and statements made by Simpson in support of the plea agreement. Counsel for each defendant moved for a mistrial, arguing the newspaper article contained misstatements and was prejudicial. Frasier's and Tunstall's counsel also moved for a change of venue and to sever the trial of these defendants from that of Simpson. None of the three defense trial counsel moved to voir dire the jurors regarding exposure to the newspaper article, nor did the trial court, <u>sua</u> <u>sponte</u>, conduct such voir dire. The only evidence regarding exposure of the jury to the article was that Simpson's counsel had seen a juror reading a newspaper in the jury lounge. No evidence was presented at Frasier's trial or during the post-conviction hearing that any juror from Frasier's trial had seen or read the critical article. The trial court denied the motions for mistrial, change of venue, and severance.

Frazier appealed his conviction to the Iowa Court of Appeals on various grounds, and the appeal was denied. In June 1990, Frasier petitioned for post-conviction relief alleging numerous grounds for relief. Among other allegations,

Frasier claimed trial counsel was ineffective for his failure to seek voir dire of the jury related to the newspaper article.

During the post-conviction relief hearing, Frasier's trial counsel, Gregory Jones, testified he made a calculated decision, based on his own experience and on consultation with the other defense counsel, not to ask for a poll of the jury. In his opinion, polling the jury had the disadvantage of extinguishing a claim on appeal, namely a claim based on the denial of the motion for a mistrial. Gregory Jones made it clear his decision was made as a matter of strategy.

The state court found there was no prejudice to Frasier based on the absence of any evidence that any juror was affected by the newspaper article, and bolstered by the admonitions given by the court to the jurors to decide the case solely on the evidence presented in court. The Iowa Court of Appeals affirmed. In his state petition for post-conviction relief, Frasier did not raise the issue of whether the trial court made a constitutional error by failing to voir dire the jury.

On federal habeas review, the district court denied relief on all grounds raised by Frasier, but granted a certificate of appealability on two issues. On appeal, Frasier claims the state trial court violated his right to due process by not asking the jurors about the newspaper article. He also claims his trial counsel rendered ineffective assistance by failing to conduct such a voir dire of the jurors.

## II.    DISCUSSION

In consideration of a state habeas petition, "[w]e review the district court's findings of fact for clear error and its conclusions of law de novo." Randolph v. Kemna, 276 F.3d 401, 403 (8th Cir. 2002) (citation omitted). Whether petitioner has procedurally defaulted as a matter of law is reviewed de novo. Id.

### 1.    Procedural Default

Frasier's first claim on appeal involves the state trial court's failure to question the jurors about the newspaper article.  Frasier defaulted on this claim by failing to raise it in state court, either on direct appeal or in post-conviction proceedings.  See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  Frasier argues that we should excuse his default because he can show "cause and prejudice" for failing to raise his claim in state court.  See id. at 750.

As "cause" for his default, Frasier points to his trial counsel's failure to raise the claim on direct appeal.  However, "ineffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"  Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994).  In the state court proceedings, Frasier did not challenge his trial counsel's decision not to appeal the trial court's failure to voir dire the jurors about the newspaper article.  We therefore hold that Frasier has not shown cause and prejudice necessary to overcome his procedural default of this issue.

Frasier has also asked us to excuse his default because the time for raising his claim in state court has expired.  In other words, Frasier asks us to hold that a procedural default is itself an excuse for the default.  If we were to adopt Frasier's circular logic, the procedural default issue would no longer exist.  Because we are bound to apply the procedural default doctrine, see Coleman, 501 U.S. at 750, we refuse to grant Frasier's request.

In the alternative, had Frasier not procedurally defaulted, his claim fails for the reasons stated in his co-defendant Tunstall's case.  Tunstall v. Hopkins, No. 01-2730 (8th Cir. 2002).  In Tunstall, we determined the trial court had no duty to voir dire the jury under the circumstances presented.  See also King v. Bowersox, No. 01-2149, 2002 WL 1067336 (8th Cir. May 30, 2002).

## 2.     Ineffective Assistance

A federal court's review of a state court conviction is limited to determining whether the conviction or sentence was obtained in violation of "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).  "The deprivation of the right to the effective assistance of counsel recognized in Strickland is such an error."  Id. at 375 (citing Strickland v. Washington, 466 U.S. 668, 686, 697-98 (1984)).  Under Strickland a habeas petitioner must prove counsel was deficient and that such performance caused him legitimate prejudice.  See id. at 691-94.

To establish ineffectiveness, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 466 U.S. at 688.  "Judicial scrutiny of counsel's performance must be highly deferential."  Strickland, 466 U.S. at 689.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  Id. at 690.  To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

In this case, trial counsel clearly made a strategic decision to move for a mistrial without seeking voir dire of the jury about the newspaper article.  We cannot say counsel's decision was objectively unreasonable and must give counsel's decision due deference.  Additionally, Frasier failed to show he was prejudiced in any way by the lack of voir dire.  Accordingly, the state court's decision denying relief does not contravene any clearly established federal law.

## III.   CONCLUSION

Having considered the claims raised in Frasier's appeal, we affirm the district court's denial of Frasier's petition for habeas relief.

KORNMANN, District Judge, concurring.

I concur fully that Frasier's claims are procedurally defaulted. I do not endorse the language of the court's opinion to the effect that Frasier's claims fail for the reasons stated in his co-defendant Tunstall's case. Tunstall v. Hopkins, No. 01-2730 (8th Cir. 2002). I believe the state trial court did have "a duty to voir dire the jury under the circumstances presented" although, as stated, such claims are now procedurally defaulted. I respectfully continue to endorse the views expressed in my dissent in Tunstall.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.