# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3423

_____

Thomas Leroy Hagen,      *
    *

       Petitioner-Appellant,     *     Appeal from the United States
    *     District Court for the
    v.     *     Southern District of Iowa.
    *

State of Iowa;     *     [UNPUBLISHED]
Rusty Rogerson, Warden,     *
    *

       Respondents-Appellees.     *

_____

Submitted: June 21, 2005
Filed: June 24, 2005

_____

Before MURPHY, BYE and SMITH, Circuit Judges.

_____

PER CURIAM.

After Thomas Hagen was convicted of three Iowa felonies in 1999, he twice initiated postconviction relief (PCR) proceedings in state court. Both applications were denied, and he failed to appeal in either case. In this habeas petition he raises claims first asserted in the PCR proceedings and argues that his failure to appeal the disposition in those cases should be excused because he received ineffective assistance from his court appointed counsel. The district court[1] denied Hagen's

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

petition on the grounds that he had procedurally defaulted the claims by failing to appeal and that the alleged ineffectiveness of postconviction counsel could not excuse the default, and Hagen appeals. We affirm.

In 1999 an Iowa jury convicted Hagen of first degree burglary, going armed with intent, and felony stalking, and the trial court sentenced him to thirty years. On direct appeal Hagen raised a single claim of ineffective assistance of counsel on which the Iowa Supreme Court declined to rule, but it was preserved for possible postconviction relief. Under Iowa law Hagen had a statutory right to effective assistance of counsel during the PCR process. Iowa Code § 82.5 (1998); Dunbar v. State, 515 N.W.2d 12, 14-15 (Iowa 1994).

With the assistance of court appointed counsel, Hagen initiated PCR proceedings on April 16, 2001, raising three separate claims of ineffective assistance by his trial counsel. The trial court denied his application on procedural and substantive grounds, and Hagen did not appeal. He later filed a second PCR application alleging that the government had unconstitutionally withheld favorable evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). The claim was dismissed due to Hagen's failure to raise it in his first PCR application. He again failed to appeal.

On November 6, 2003, Hagen filed this petition challenging the constitutionality of his custody based on allegations of ineffective assistance and Brady violations. The state moved to dismiss on the grounds that Hagen had procedurally defaulted all of the claims in state court by failing to appeal the denials of his PCR applications. While conceding that he had defaulted the claims, Hagen alleged that his court appointed counsel had ineffectively assisted him during postconviction review by advising that appeals of his PCR applications would be fruitless. Because he had a state statutory right to the effective assistance of counsel during postconviction review, Hagen argues that the ineffectiveness of his counsel's

assistance was sufficient cause to excuse the default under the rule of Coleman v. Thompson, 501 U.S. 722, 752-53 (1991).

The district court held that under Coleman, ineffective assistance excuses procedural default only if the petitioner had a constitutional right to effective assistance, a right Hagen lacked during postconviction review. The court dismissed the petition but granted a certificate of appealability on the question of whether procedural default is excused under Coleman if the petitioner was deprived of a statutory right to the effective assistance of counsel. In reviewing the denial of Hagen's habeas petition, we examine the district court's legal conclusions de novo. King v. Bowersox, 291 F.3d 539, 540 (8th Cir. 2002).

When a petitioner has defaulted his federal claims in state court under an independent and adequate state procedural rule, federal habeas review is barred unless the petitioner is able to demonstrate both cause for the default and actual prejudice from violation of federal law. Coleman, 501 U.S. at 750. A cause is sufficient to excuse procedural default only when it is external to the petitioner, that is not fairly attributable to the petitioner himself. Id. at 753. Ineffective assistance is external if it can be imputed to the state due to the existence of a constitutional right to the effective assistance of counsel. Id. at 753-54. Hagen had no right to the effective assistance of counsel during state postconviction proceedings, however, and instead relies on a state statutory right to such assistance. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). As a result any ineffectiveness on the part of Hagen's postconviction counsel cannot be imputed to the state. Because Hagen has not shown that his default was the result of any external cause, that default cannot be excused and federal habeas review of his claims is barred.

Accordingly, we affirm the judgment of the district court.

_____