# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3772

_____

| | | |
|---|---|---|
| Benjamin Williams, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Norris, Director, Arkansas | * | Eastern District of Arkansas. |
| Department of Correction, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: November 29, 2006
Filed:  December 5, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Benjamin Williams, Jr. appeals the district court's[1] denial of 28 U.S.C. § 2254 habeas petition.  Reviewing de novo the district court's conclusion that Williams procedurally defaulted his claims, we affirm.  See Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002) (standard of review).

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Williams concedes that at least two of his three claims are procedurally defaulted because he did not properly appeal the denial of postconviction relief in state court. See Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002). He argues that the district court was not barred from considering these claims, however, because his failure to appeal properly his state petition for postconviction relief was due to the Pulaski County clerk's tardiness in preparing the documents necessary to perfect the appeal. This does not excuse his default, however, because he had adequate state remedies that he did not exhaust prior to filing his federal petition. See Lovell v. Norris, 198 F.3d 674, 677-79 (8th Cir. 1999) (refusing to excuse § 2254 petitioner's procedural default where he failed to avail himself of state court remedies for curing default prior to bringing federal habeas petition). Williams was informed his record was untimely roughly five months after judgment in his state postconviction proceeding, but an Arkansas litigant may lodge a belated appeal for up to eighteen months after judgment. See Ark. R. Crim. App. P. 2(e) (Arkansas "Supreme Court may act upon and decide a case in which . . . the transcript of the trial record was not filed in the time prescribed, when a good reason is shown by affidavit" so long as appeal is within eighteen months of judgment); Lovell, 198 F.3d at 678 (Arkansas cases indicate that "the failure of court officials or employees to perform their duties would constitute a 'good reason' under [Rule] 2(e)") (citing Porter v. State, 698 S.W.2d 801, 802 (Ark. 1985) (per curiam)). Williams failed to avail himself of this procedure, and thus has not established cause for his default.[2]

Williams further argues that the trial court should have admonished the jury to disregard the prosecutor's rhetorical question, posed during closing argument, asking what motivation the state could have to concoct a conspiracy against Williams. Williams objected to this statement, and his objection was sustained, but he did not seek any curative action. In his direct appeal, the Arkansas Court of Appeals

---

[2]Williams does not argue alternatively that he could establish actual innocence to excuse his procedural default, and we do not see any basis for such a conclusion.

concluded the issue was not preserved due to Williams's failure to seek further action. See Williams v. State, No. CACR 00-429, 2002 WL 22069 at *4 (Ark. Ct. App. Jan. 9, 2002) (unpublished decision). Thus, we are precluded from considering the issue unless Williams can establish cause and prejudice for his default. See Reagan, 279 F.3d at 656. Williams contends that his trial counsel was ineffective for failing to request curative action, and that this excuses his default in state court. See id. Like his other ineffective-assistance claims, however, this claim was never exhausted in state court. Thus, it cannot serve as cause to excuse the default. See Frasier, 304 F.3d at 817 (for ineffective assistance of counsel to constitute cause for procedural default, petitioner must first raise issue in state court as an independent ground for relief, if available).

For the reasons stated herein, we affirm the judgment of the district court.

_____