# IN THE COURT OF APPEALS OF IOWA

No. 15-0533
Filed June 15, 2016

**STEVEN EARL FRASIER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.

    Steven Frasier appeals from the dismissal of his fourth application for postconviction relief. **AFFIRMED.**

    Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

    Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

    Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Steven Frasier appeals from the dismissal of his fourth application for postconviction relief (PCR). Because the application was time barred, we affirm.

The standard of review on appeal from the denial of a postconviction relief application, including summary judgment dismissals, is for errors of law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Postconviction proceedings that raise constitutional issues are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

On August 31, 1986, Steven Frasier, Simon Tunstall, and James Simpson were each charged with murder and burglary stemming from the shooting death of Jeffrey Jones in Sioux City, Iowa. Each defendant pled not guilty and proceeded to a joint trial in the Iowa District Court for Woodbury County. In February 1987, a jury convicted Frasier of first-degree murder and first-degree burglary. The jury also found that Frasier had a firearm during the commission of the offenses. On March 30, 1987, the district court denied Frasier's post-trial motions and sentenced him to life imprisonment on the murder conviction and a term of imprisonment not to exceed twenty-five years on the burglary conviction, with the sentences to be served concurrently. Frasier unsuccessfully appealed. *State v. Frasier*, No. 87-0504 (Iowa Ct. App. Jan. 26, 1989). Procedendo issued on April 7, 1989.

Frasier filed his first PCR application on June 12, 1990, which was denied on July 24, 1995. Although Frasier appealed, we have nothing in this record to indicate the outcome of the appeal.

Frasier sought federal habeas relief, which was denied. *Frasier v. Maschner*, No. C97-4102MWB, 2001 WL 34008500, at *1 (N.D. Iowa July 26, 2001), *aff'd*, 304 F.3d 815 (8th Cir. 2002), *cert. denied*, 538 U.S. 966 (2003).

Frasier filed a second PCR application on September 28, 2009, which was dismissed on October 20, 2009. His appeal was dismissed by the Iowa Supreme Court on April 23, 2010.

Frasier's third PCR application was filed on June 20, 2012. Summary judgment was entered for the State, which was affirmed by this court. *Frasier v. State*, No. 12-1957, 2014 WL 69671, at *3 (Iowa Ct. App. Jan. 9, 2014).

On July 18, 2014, Frasier filed this fourth PCR application, asserting that under the principles concerning joint criminal conduct enunciated in *State v. Smith*, 739 N.W.2d 289 (Iowa 2007), he was entitled to a new trial. The State moved for summary judgment, contending the application was time barred.

In response, Frasier argued he "could not have secured relief under *State v. Smith* until 2009," when the Iowa Supreme Court decided *Goosman v. State*, 764 N.W.2d 539 (2009). He asserted:

> In that case, the Supreme Court of Iowa held that, when taken together, *Fiore* and *Bunkley*[1] stand for two propositions. *Goosman*, 764 N.W.2d. at 544. However, here only the first proposition needs addressed. It is the proposition that "where a court announces a new rule of substantive law that simply 'clarifies' ambiguities in existing law, federal due process requires that decision to be retroactively applied to all cases, including collateral attacks where all avenues of direct appeal have been exhausted." *Id.*
> The decision in *State v. Smith* is clearly one that falls within *Goosman*'s retroactivity analysis.

---

[1] *Fiore v. White*, 531 U.S. 225 (2001), and *Bunkley v. Florida*, 538 U.S. 835 (2003).

Even accepting Frasier's argument as set forth, and even assuming *Smith* stands for the proposition that Frasier claims it does, Iowa Code section 822.3 (2013) imposes a three-year time bar unless the applicant raises "a ground of . . . law that could not have been raised within the applicable time period." The statute says nothing about a deadline for raising the "ground of law" exception.

The Iowa Supreme Court broached this issue in *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013), but did not explicitly resolve it. The court made reference to the fact *Nguyen* filed his application within three years of the change of law announced in *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), upon which the applicant relied. *Nguyen*, 829 N.W.2d at 186 ("Nguyen applied again for postconviction relief on April 2, 2009, more than three years after procedendo had issued on his original direct appeal, but less than three years after *Heemstra*."). The implication, then, is that the "ground of law" exception premised on *Heemstra* could be raised only within three years of the filing of *Heemstra*.

This court held just that in *Thompson v. State*, No. 14-0138, 2015 WL 1332352, at *1 (Iowa Ct. App. Mar. 25, 2015); *see also* 4A B. John Burns, *Iowa Practice Series*, *Criminal Procedure* § 33:3, at 637–38 n.12 (2015 ed.) (citing *Heemstra* and *Nguyen* for proposition that "[u]nder some circumstances, an otherwise time-barred petition may be filed *within three years of an appellate decision* creating a substantial right that represents a clear break in the law that could not have been anticipated at the time the defendant's case was pending" (emphasis added)). Faced with a PCR application raising a *Heemstra* challenge but filed well after Thompson's direct appeal became final and more than three

years after *Heemstra*, we read *Nguyen* as "implicit[ly]" imposing "the requirement that the postconviction-relief application asserting such a claim be filed within three years of the *Heemstra* decision."  *Thompson*, 2015 WL 1332352, at *1. Because Thompson did not file his application within this time-frame, we affirmed the district court's summary dismissal of the application as time-barred.  *Id.*

> This implicit three-year limitation on raising the ground-of-law exception makes sense.  In part, the purpose of section 822.3 is to "restore a sense of repose in our criminal judicial system."  *Cornell v. State*, 529 N.W.2d 606, 610–11 (Iowa Ct. App. 1994).  The purpose of "the escape clause of section 822.3 is to provide relief from the limitation period when an applicant had 'no opportunity' to assert the claim before the limitation period expired."  *Id.* at 611. These purposes would be frustrated if an applicant had an unlimited amount of time to raise the "ground of law" exception. *Nguyen* suggests an applicant should have to raise a change in the law within a reasonable period after the change is announced and the opinion implies the reasonable period is three years.

*Burkett v. State*, No. 14-0998, 2015 WL 5278970, at *2–3 (Iowa Ct. App. Sept. 10, 2015); *accord Sihavong v. State*, No. 2016 WL 351286, at *1–2 (Iowa Ct. App. Jan. 27, 2016) (finding PCR application time barred when filed more than three years after case upon which applicant relied was decided).

The claim made by Frasier could have been raised after *Smith* was decided in 2007, or at least after *Goosman* in 2009.  Frasier's fourth PCR application was filed in 2014, seven years after *Smith*, the decision upon which Frasier claims relief, and five years after *Goosman*.  Section 822.3 requires dismissal.[2]  We therefore affirm.

**AFFIRMED.**

---

[2] The same resolution applies to the issues raised in Frasier's pro se supplemental brief for the same reasons.